In the Matter of the Claim of KATHERINE HUTTON, on Behalf of Herself and Minor Children, Respondent, against FORD MOTOR COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 31, 1957.

*Benedict T. Mangano* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Per Curiam.* On June 8, 1955 the Workmen's Compensation Board made a decision and award adverse to the self-insured employer-appellant, and on June 20, 1955 an appeal was taken to this court. Formal findings were not made by the board until nine months later, on March 20, 1956. Thereafter the employer perfected the appeal by filing a printed record and on July 13, 1956 served its printed brief. The cost of printing the record and brief is $482.60.

Rule 3 of the rules of this court vests in the Attorney-General the sole right to serve a notice of argument and file a note of issue for an appeal in this court. This power is accompanied by a mandate requiring the Attorney-General to place the case on the calendar, but this is operative only when the rule requiring the service of " briefs " as well as records has been complied with; and since this includes the Attorney-General's brief as well as the appellant's, the Attorney-General is not required to place the case on the calendar unless his own brief is filed.

Since he controls that filing he may in effect control the intake of the calendar of this court in workmen's compensation cases. The reason for this control is to insure orderly presentation of appeals in workmen's compensation cases, and to allow the Attorney-General, who is charged with the general duty of defending the board's decisions on appeal, adequate time for preparation of briefs and arguments and to safeguard him against undue pressure. Implicit in such advantage in calendar arrangement is equitable treatment to other litigants and in an appropriate case the court will direct the placing of a case on the calendar on motion of an adverse party.

No brief was filed by the Attorney-General in this case; it passed the September, 1956 Term and on October 18 the board, on its own motion, rendered a " Supplemental Memorandum of Decision " which stated that the decision of June 8, 1955 " is herewith rescinded without prejudice and the case is restored to the Referee calendar for the development of the record as to the issue of notice. The testimony of the fireman assigned as claimant's helper should be introduced as well as any other evidence relative to notice. The Referee is to decide the issue of notice on the completed record." The case was placed on the referee calendar for January 22, 1957.

By this motion appellant asks that the Attorney-General be directed to file a note of issue and serve notice of argument; that

the case be argued or submitted when reached; and that the board be stayed from proceeding with the referee's hearing until determination of the appeal is made. Appellant states that the question of notice is raised on the appeal; but that other questions are also raised. The Attorney-General argues for the power of the board to amend its decisions at any time (Workmen's Compensation Law, § 123); and that with the rescission of the award which is the basis of the appeal "the appeal became academic with no juridical question to be presented on appeal".

As to the expenses incurred by the appellant in perfecting the appeal, the Attorney-General in effect argues that this question must await a new decision, and perhaps a new appeal, and that appellant is not presently aggrieved. We take a different view of that question. The board has the power to rescind and amend its decisions.

But after an appeal has been taken, other rights intervene, including the rights of appellants who have incurred expenses in pursuing the remedy of review in this court. The adjustment of those rights, as an incident to the disposition of appeals taken to it, are within the jurisdiction of this court.

We require, therefore, that when the board determines to re-examine a decision or award or to reopen a case during the pendency of an appeal, the Attorney-General make application to dismiss the appeal on that ground; and upon such application appropriate directions will be made as to the dismissal or suspension of the appeal and as to costs and disbursements to appellant or such other conditions may be imposed as may appear proper. All this may, of course, be done by stipulation.

We are of opinion that when expenses have been incurred in good faith by an appellant in perfecting an appeal to this court, or other rights created in the course of appeal that such rights should be examined and adjusted here if the board determines to reconsider its determination.

We have denied that part of the motion of appellant for a stay during the pendency of this application (3 A D 2d 683); but we now reach the merits.

Appellant's motion for a stay should be granted unless the board within 15 days of the notice of entry of the order herein move to dismiss the appeal on the ground it has decided to re-examine the claim and upon the return of such motion appropriate directions shall be made as to the disposition of the appeal now pending; the appellant's motion in other respects should be denied; all without costs.

Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.

Motion by appellant for a stay granted, unless the board within 15 days of the notice of the entry of the order herein move to dismiss the appeal on the ground it has decided to re-examine the claim and upon the return of such motion appropriate directions shall be made as to the disposition of the appeal now pending; the appellant's motion in other respects is denied; all without costs.