■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK ROBINSON, Appellant, v WALTER FOGG, as Superintendent of Coxsackie Correctional Facility, et al., Respondents. — Appeal from a judgment of the County Court of Greene County (Fromer, J.), entered February 21, 1984, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner is presently serving 1 to 3 years on his conviction for burglary in the third degree, imposed in March, 1983. On August 30, 1983, petitioner was granted an open conditional release date of October 24, 1983. After a superintendent's hearing on a violation of rules and regulations, this date was temporarily suspended on September 30, 1983, but was reinstated on October 25, 1983. Subsequently, this release date was again temporarily suspended and a penalty imposed for petitioner's illegal use of drugs while in detention. Following a rescission hearing on this charge, the conditional release date was voided and petitioner ordered held for an additional six months.

The only legal redress sought by petitioner was a writ of habeas corpus, the dismissal of which, after a hearing, is the subject of this appeal. Under the circumstances, the dismissal was proper and should be affirmed. Even if granted, the relief sought has not been shown to be sufficient to effect petitioner's release and, therefore, a writ of habeas corpus is inappropriate (*People ex rel. South v Hammock,* 80 AD2d 947, app dsmd 53 NY2d 938). Should the rescission decision by the Parole Board be determined improper and annulled, petitioner would receive merely the expectation of release at some undetermined time and not an immediate release, which is essential for habeas corpus relief (*id.*). Furthermore, without a transcript of the proceedings in the record, it is impossible to convert the application to a CPLR article 78 proceeding. Accordingly, the judgment appealed from should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.