■ In the Matter of DAWUD RAHMAN, Petitioner, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

An administrative appeal by petitioner from a determination made at a superintendent's proceeding held on November 17, 1983 was decided by the Departmental Review Board of the Department of Correctional Services on January 23, 1984. The Review Board affirmed the disposition made at the superintendent's proceeding that petitioner, an inmate at Auburn Correctional Facility, had violated a disciplinary rule for which the penalty imposed was 180 days' confinement in the Special Housing Unit with a comparable loss of good time and related benefits.

On February 28, 1984, some two weeks after the instant proceeding was commenced charging procedural and constitutional deficiencies in the conduct of the superintendent's proceeding, the Review Board unilaterally "administratively reversed" the challenged determination "for procedural error" and ordered a new superintendent's proceeding. Following that hearing, concluded March 13, 1984, the charges were affirmed and the same penalty, with credit for time already served by petitioner, was assessed. It is not claimed that petitioner's commitment pursuant to this new hearing was tainted with illegality in any respect.

Relying on the administrative reversal, respondents, on March 2, 1984, moved to dismiss the instant proceeding for mootness. Without opinion, Special Term denied the motion and transferred the matter to this court.

Respondents concede that petitioner's challenge to the first superintendent's proceeding has merit but maintain that the matter has been rendered moot by reason of the second superintendent's proceeding. Initially, we note that the latter hearing, held while respondents' motion to dismiss was pending before Special Term, was a nullity, for at that juncture jurisdiction of the matter reposed in the courts, and respon-

dents, in the absence of express statutory authority permitting them to do so (see, *Matter of Hutton v Ford Motor Co.*, 3 AD2d 169, 171), were not at liberty, unilaterally and without court sanction, to reconvene the matter administratively for the purpose of considering anew the questions raised in the court proceeding (see, *Broussard v United States Postal Serv.*, 674 F2d 1103, 1108; *Anchor Line v Federal Mar. Commn.*, 299 F2d 124, 125, *cert denied* 370 US 922). When the administrative process has been exhausted, the matter is then ripe for judicial review. To conclude otherwise would allow the administrative proceeding to continue without limit and deprive inmates of their right to judicial consideration of respondents' actions (cf. *Matter of Cupo v McGoldrick*, 278 App Div 108, 112).

Determination annulled, with costs, and petition granted. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.