■ In the Matter of LUIS GONZALEZ, Petitioner, v EVERETT W. JONES, as Superintendent of Great Meadow Correctional Facility, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a Superintendent's hearing, petitioner was found guilty of violating certain institutional rules, and a penalty was imposed. An administrative appeal to the Departmental Review Board resulted in a modification of the disposition to the extent that one of the charges was dismissed. Petitioner then commenced this CPLR article 78 proceeding, alleging procedural deficiencies in the Superintendent's hearing. After answering, respondents conceded that the hearing was procedurally defective, and the determination was "administra-

tively reversed". The matter was expunged from petitioner's records and the good time lost as punishment was restored. Arguing that these actions rendered the proceeding moot, respondents moved to dismiss. This court denied the motion without prejudice to the issue being raised upon argument of the proceeding.

Since respondents concede that there is no basis upon which to defend the original determination, the only issue presented is whether respondents had jurisdiction to act administratively in this matter without prior court approval. This issue has its roots in our recent decision in *Matter of Rahman v Coughlin* (112 AD2d 591), a case in which respondents "administratively reversed" a supposedly final determination and held a new Superintendent's hearing untainted by the procedural defects asserted in the pending CPLR article 78 proceeding challenging the original determination. We held that "respondents, in the absence of express statutory authority permitting them to do so * * * were not at liberty, unilaterally and without court sanction, to reconvene the matter administratively for the purpose of considering anew the questions raised in the court proceeding" (pp 591-592).

We conclude that the ruling in *Matter of Rahman v Coughlin (supra)* is not applicable to the facts and circumstances of this case. The cornerstone of our holding in *Rahman* is the principle of finality of administrative determinations. As explained by Judge Van Voorhis in *Matter of Evans v Monaghan* (306 NY 312, 323), "[s]ecurity of person and property requires that determinations in the field of administrative law should be given as much finality as is reasonably possible". Respondents' actions in *Rahman* clearly ran afoul of this principle for they sought to commence anew an administrative process that had been exhausted and to reconsider the merits of a determination that was final. Administrative agencies have inherent authority to reconsider a prior determination upon a change in circumstances or new information *(Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269, 277), or where the original determination is tentative *(Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93), but in the *Rahman* case, respondents sought only to cure procedural defects that could and should have been cured during the original administrative review.

In the case at bar, there has been no attempt to recommence the administrative process or to reconsider the merits of the final determination. Rather, respondents have conceded that petitioner is entitled to the relief he seeks in his petition

and have effectively granted that relief by reversing the determination, expunging the matter from petitioner's records and restoring lost good time. In so doing, respondents have brought the controversy to an end at both the administrative and the judicial levels, for petitioner is no longer aggrieved. Accordingly, respondents' motion to dismiss should be granted.

Proceeding dismissed as moot, without costs. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.

Kane, J., dissents and votes to annul in the following memorandum. Kane, J. (dissenting). I am unable to agree with the majority that this proceeding should be dismissed as moot. Rather, constrained by our holding in *Matter of Rahman v Coughlin* (112 AD2d 591), I am of the opinion that we must decide this proceeding upon the merits.

In *Matter of Rahman v Coughlin (supra)*, without any mention of the doctrine of finality of administrative determinations, we stated that once a CPLR article 78 proceeding, seeking review of a prison disciplinary matter, has been commenced: "jurisdiction of the matter reposed in the courts, and respondents, in the absence of express statutory authority permitting them to do so * * * were not at liberty, unilaterally and without court sanction, to reconvene the matter administratively" (pp 591-592 [citation omitted]). In light of this unequivocal statement, I am unable to agree with the majority that *Rahman* does not apply to this case.

Turning to the merits, since respondents concede that there is no basis upon which to defend the original determination, the petition should be granted. Although this results in duplication of effort, such is the effect of our decision in *Matter of Rahman v Coughlin (supra)*.