■ In the Matter of JAMES NOWLIN, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of

respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In separate misbehavior reports, petitioner, an inmate at Clinton Correctional Facility in Clinton County, was charged with possession of a controlled substance, specifically marihuana, and possession of unauthorized property, specifically money. At a hearing on the two reports, Correction Sergeant Jerry Maggy testified that he saw petitioner "place something into his mouth, and apparently swallowed it". When Maggy asked what petitioner had swallowed, petitioner reportedly replied, "reefer". Petitioner was then escorted to the medical clinic where he was frisked. Correction Officer Russ Haley testified that in the course of the frisk he ordered petitioner to open his mouth and that when petitioner did so, Haley saw some folded money in petitioner's mouth. Haley ordered petitioner to spit the money out, but instead petitioner swallowed it. It appears that one or more drug tests were performed, with negative results, and that petitioner's stool was monitored for several days, again with negative results. Based upon this evidence, petitioner was found guilty of both possession of marihuana and unauthorized possession of money.

The finding that petitioner possessed marihuana is patently irrational and the determination must, therefore, be modified. Petitioner was seen placing something in his mouth and when his mouth was examined only the money was observed. There is no evidence in the record that petitioner, who was in the company of at least two correction officers, swallowed the item that he was seen putting into his mouth and thereafter placed the money in his mouth. Nor does the record support an inference that petitioner placed both marihuana and the money in his mouth at the same time and was somehow capable of swallowing the marihuana but not the money.

We are also concerned about respondents' lack of candor regarding the results of the drug testing done on petitioner. Because the results were negative, the reports were not introduced at the hearing. In their brief to this court, respondents contend that it was petitioner's burden to introduce the reports (petitioner did inform the Hearing Officer that tests had been done and that the results were negative). Respondents also contend that since the reports are not in the record, it cannot be determined whether "the protocols designed to assure accuracy of results were followed in this case, or whether the chain of custody was preserved". Respondents also contend that the test can produce a "false negative".

Departmental regulations provide that "[u]rinalysis test procedures shall be used to verify whether or not an inmate has used drugs or alcohol" (7 NYCRR 1020.1). Testing is required when an "inmate is observed to be in possession of or using illicit drugs or alcohol, but correctional staff are unable to obtain a sample" (7 NYCRR 1020.4 [a] [3]). The regulations describe the tests as "among the most consistently accurate drug testing methods in current use" (7 NYCRR 1020.5 [b]). Neither the Hearing Officer nor respondent Commissioner of Correctional Services provided a reason for not giving any credence to the test results, thereby undermining the rationality of their reliance on petitioner's statement that he had swallowed "reefer", which is the only evidence that petitioner possessed marihuana.

Since Haley observed money in petitioner's mouth, there is substantial evidence to support the finding that petitioner was in possession of the money. In view of our decision to annul the finding of guilt on one of the two disciplinary charges, the matter must be remitted for imposition of a new penalty.

Determination modified, by reversing so much thereof as found petitioner guilty of possessing marihuana; petition granted to that extent and matter remitted to respondents for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.