OPINION OF THE COURT
Charles A. Kuffner, Jr., J.
The primary issue raised in this litigation is whether, due to the Parole Board’s alleged failure to comply with the statutory standards set forth in section 805 of the Correction Law, *751 the petitioner should be granted a writ of habeas corpus and released from incarceration.
On October 5, 1988, the petitioner received a certificate of earned eligibility pursuant to section 805 of the Correction Law and was permitted to appear before the New York Board of Parole for parole release consideration. On October 6, 1988, the petitioner was denied parole release. Upon this denial, on March 17, 1989, the petitioner filed for a writ of habeas corpus. The Appellate Division, Second Department, denied the motion, and the petitioner has since filed the current and separately pending application for a writ of habeas corpus before the New York Court of Appeals.
Subsequently, on May 23, 1989, the petitioner was permitted to be reinterviewed by the Board of Parole. The appeals unit for the New York State Division of Parole found that the petitioner was entitled to a rehearing due to the Parole Board’s failure to comply with regulations promulgated pursuant to the statute. After reconsideration, the appeals unit found that the Board’s failure to state a detailed reason for denying parole release, and its failure to state that the release was incompatible with the welfare of society, was sufficient to warrant a new hearing. Thus, on June 13, 1989, the petitioner again reappeared before the Board for parole consideration. However, the Parole Board again concluded that the petitioner should be denied parole. This time, however, the Board concluded that because of the petitioner’s past criminal behavior, and the gravity of the present sentence, there was a reasonable probability that the petitioner would not remain at liberty without violating the law, and that in the interest of the community the petitioner be denied parole.
The petitioner’s position before this court is that the Parole Board’s initial failure to comply with section 805 entitles him to a habeas corpus relief instead of than the mere subsequent rehearing held on June 13, 1988, wherein the Board denied release.
Due to the newness of section 805, there is no case law from the courts of this State, so this court must look to Federal decisions for guidance.
A prisoner is entitled to a due process protection for his liberty interest when such interest is created by a statutory authority. (Board of Pardons v Allen, 482 US 369 [1987].) However, the scope of the liberty interest is confined to the inmate’s expectation of the parole release. (Supra, at 373, *752 citing Greenholtz v Nebraska Penal Inmates, 442 US 1.) Thus, contrary to the petitioner’s contention, the liberty interest is not a vested right to an immediate release, but merely a possibility of a parole release (supra). Where, as here, the statute uses mandatory language to create a presumption in favor of release, the Due Process Clause of the 14th Amendment requires only that the parole candidate be given an opportunity to be heard, and upon parole denial, that the Parole Board inform the candidate as to the reasons for the denial. (Greenholtz v Nebraska Penal Inmates, supra, at 17.) Further, the Parole Board has a broad discretion in determining whether the parole candidate has met the statutory qualification and deserves parole release. (Board of Pardons v Allen, supra, at 375.) If the Parole Board fails to comply with the statutory due process protection, the parole candidate is entitled to a new hearing rather than a habeas corpus relief. (See, People ex rel. Robinson v Fogg, 105 AD2d 521 [1984].)
Consequently, the petitioner’s motion for a writ of habeas corpus should be denied. The petitioner was afforded the full benefit of due process protection when the appeals unit granted him a new hearing. Any deprivation to the petitioner’s due process rights are limited to a new hearing and upon such cure, he is not entitled to any further relief.
Although the New York courts have yet to rule on the due process question arising under section 805, the Supreme Court has established that parole statutes similar to section 805 of the Correction Law do not create a liberty interest in a right to release, but rather, they merely create an expectation of parole that deserves due process protection. (See, Board of Pardons v Allen, supra; Greenholtz v Nebraska Penal Inmates, supra.)
Section 805 of Correction Law is essentially indistinguishable from the parole statutes found in Allen (supra) and Greenholtz (supra); to create merely an expectation of parole section 805 mandates the Board to grant parole unless (1) there is a reasonable probability the parole candidate will not remain at liberty without violating the law; and (2) that granting parole release is not compatible with the welfare of society. Consequently, section 805 merely grants expectation interest that deserves due process protection. It does not give the petitioner a vested right to release.
Further, the petitioner’s claim that the Board’s failure to comply with section 805 entitles him to a habeas corpus relief *753 is also without merit. In general, habeas corpus relief does not lie where an immediate release is not warranted. (See, People ex rel. Kaplan v Commissioner of Correction of City of N. Y., 60 NY2d 648 [1983].) Because the parole statute creates only an expectancy interest, as opposed to a liberty interest, the proper remedy is a new hearing rather than a habeas corpus relief when the claim is that the Board’s decision was improperly made. (People ex rel. Robinson v Fogg, 105 AD2d 521, supra.) In such a situation the parole candidate is entitled only to an opportunity to be heard and if the parole is denied, to be informed of the reasons the candidate has failed to qualify for parole release. (Greenholtz v Nebraska Penal Inmates, supra, at 17.)
For these reasons, the application for a writ is denied.