■ In the Matter of DOMINGO ROSARIO, Respondent, v DONALD SEKSKY, as Director of the Department of Correctional Services Special Housing/Inmate Disciplinary Program, et al., Appellants.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Cowhey, J.), entered August 22, 1988 in Dutchess County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Green Haven Correctional Facility in Dutchess County, was charged in a misbehavior report with violation of a rule prohibiting possession of money by inmates. Following a Superintendent's hearing, he was found guilty and sanctions were imposed against him. Petitioner's adminis-

trative appeal *(see,* 7 NYCRR 254.8) was denied and the determination was affirmed on February 2, 1988. In a February 29, 1988 letter to respondents, counsel for petitioner requested reconsideration contending that the Hearing Officer violated petitioner's constitutional rights to a fair hearing and sought reversal and other relief including expungement of the records. On March 30, 1988, the Department Review Board administratively reversed the Hearing Officer's determination of guilt "for procedural error" and remitted the matter for a rehearing. Petitioner commenced this CPLR article 78 proceeding challenging both the December 14, 1987 decision by the Hearing Officer and the March 31, 1988 administrative determination ordering reversal insofar as it remitted the matter for a new hearing. Petitioner also sought a stay of the rehearing pending judicial review. Respondents cross-moved to dismiss the petition contending, *inter alia,* that petitioner had failed to exhaust his administrative remedies, that the petition failed to state a cause of action and that Supreme Court lacked jurisdiction. On April 8, 1988 Supreme Court granted a stay, and on May 11, 1988 the same court denied respondents' motion to dismiss the petition. Thereafter, respondents, in their answer, consented to a judgment granting the petition but reserved the right to appeal the issues raised in their motion to dismiss. In a judgment entered August 22, 1988, Supreme Court annulled the December 14, 1987 decision in the Superintendent's hearing and ordered the records expunged. All other relief sought was denied.* This appeal ensued.

Respondents, by consenting to the entry of an order granting the petition, have conceded that the "procedural error" for which the disposition at the Superintendent's hearing was "administratively reversed" was of constitutional dimension. Violation of constitutional rights necessitates dismissal of the charges upon which the hearing was held and expungement of the tainted proceedings *(see, Matter of Allah v LeFevre,* 132 AD2d 293; *see also, Jacobson v Coughlin,* 523 F Supp 1247, 1255, *affd* 688 F2d 815, *cert denied* 459 US 834). Respondents have recognized the constitutional transgressions and infirmities in the Superintendent's hearing by failing to controvert those allegations in the petition *(see,* CPLR 7804 [e]). Respondents sought to commence anew the administrative process to

---

* The record includes another judgment of Supreme Court signed on June 6, 1988 and entered August 22, 1988 which granted essentially the same relief.

cure defects that could and should have been cured during the initial hearing. This they cannot be permitted to do *(see, Matter of Hartje v Coughlin,* 70 NY2d 866). This court expressly rejected such procedure in *Matter of Gonzalez v Jones* (115 AD2d 849), and here, as in that case, respondents have conceded that petitioner is entitled to the relief that he seeks in his petition.

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.