In the Matter of OSCAR PRESTON, JR., Respondent, v THOMAS A. COUGHLIN, as Commissioner of Correctional Services, et al., Appellants.

Third Department, November 8, 1990

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Martin A. Hotvet* of counsel), for appellants.

OPINION OF THE COURT

HARVEY, J.

Petitioner, while an inmate at Clinton Correctional Facility in Clinton County, was the subject of a misbehavior report dated July 27, 1988 charging him with assault (rule 100.10) and threats (rule 104.11). Following a disciplinary proceeding held on August 9, 1988, petitioner was found guilty of the charges. Petitioner then administratively appealed this determination. On October 5, 1988, the Departmental Review Board (hereinafter the Board) of the Department of Correctional Services issued a determination affirming the disposition. However, on November 1, 1988 the Board, acting on its own motion, reconsidered its earlier decision and reversed petitioner's disposition of guilt because of the Hearing Officer's "procedural error" in denying petitioner his right to hear the testimony of the primary witness against him. The Board directed a rehearing within 14 days.

The rehearing commenced on November 10, 1988 and was concluded on November 17, 1988. Petitioner was again found guilty and punishment was imposed. This decision was affirmed upon petitioner's subsequent administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging alleged improprieties in both the first and second hearings as well as challenging the Board's action in ordering a rehearing following its initial affirmance of the original finding of guilt. Supreme Court granted the petition, principally concluding that respondents lacked authority to reconsider *sua sponte* and remand for a rehearing. Respondents were directed to reverse both of the determinations and expunge all reference to them from petitioner's records. This appeal by respondents ensued.*

The narrow issue to be decided on this appeal is whether the Board had the authority to reconsider *sua sponte* its apparently final decision and to order a rehearing for the purposes of curing alleged procedural defects. We find it did not. Respondents' actions clearly ran afoul of the principle of

---

* Petitioner has not filed a brief on this appeal.

finality of administrative determinations *(see, Matter of Evans v Monaghan,* 306 NY 312, 323; *see also, People ex rel. Finnegan v McBride,* 226 NY 252, 257-258; *People ex rel. Chase v Wemple,* 144 NY 478, 481-482; *People ex rel. Hotchkiss v Board of Supervisors,* 65 NY 222, 227-228). Similar to the situation in *Matter of Rahman v Coughlin* (112 AD2d 591), the Board here sought to commence anew an administrative process that had been exhausted and to reconsider the merits of a final determination. Once the administrative process has been exhausted the matter is then ripe for judicial review and respondents could not unilaterally reconvene the matter without express statutory or regulatory authority permitting them to do so *(see, Matter of Hutton v Ford Motor Co.,* 3 AD2d 169, 171; *see also, Barnert v 41 Fifth Ave. Assocs.,* 158 AD2d 289 [regulation specifically states that agency decision can be modified prior to onset of judicial review]).

Moreover, while administrative agencies have inherent authority to reconsider a prior determination in cases of a change of circumstances, new information or when the original determination is tentative, this authority does not extend to situations where the agency seeks "only to cure procedural defects that could and should have been cured during the original administrative review" *(Matter of Gonzalez v Jones,* 115 AD2d 849, 850; *cf., Matter of Rosario v Selsky,* 162 AD2d 939). Accordingly, since petitioner's access to the courts was impermissibly delayed by respondents' actions, Supreme Court correctly granted the petition and ordered expungement. Although respondents correctly point out that the procedural error at issue here is of the kind that would have in other circumstances been properly cured by way of a rehearing *(see, e.g., Matter of Coleman v Coombe,* 65 NY2d 777; *Matter of Sabo v Racette,* 124 AD2d 920), this factor is not dispositive in the case at bar where a final decision from the Board was already issued prior to the decision to take further administrative action. This situation clearly differs from one when the Board chooses to reverse and orders a rehearing in the first instance *(see, e.g., Matter of Kalonji v Coughlin,* 157 AD2d 941).

MAHONEY, P. J., YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Judgment affirmed, without costs.