■ In the Matter of KEITH MURRAY, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Marlow, J.), entered November 21, 1989 in Dutchess County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

This case presents a question of whether the Court of Appeals' decision in *Matter of Hartje v Coughlin* (70 NY2d 866) is applicable at the administrative level. Petitioner was charged with violating rule 118.10, setting fire to a fellow

inmate's cell. Following a hearing held on April 7, 1989, petitioner was found guilty as charged. The decision was administratively reversed on the ground that the Hearing Officer's determination was based on information received from confidential sources whose credibility he failed to personally assess as required by the decision in *Matter of Alvarado v LeFevre* (111 AD2d 475). Specifically, the Hearing Officer relied on a correction offier's written report, which summarized the information supplied by other inmate informants as to an argument between petitioner and the inmate whose cell was burned and who heard petitioner make threats to burn out the inmate's cell. Another source was said to have seen petitioner leaving the cell at the time of the commencement of the fire. It was ordered that a new hearing be conducted.

A second hearing was held at which a correction officer testified that he interviewed several inmates who said that they had seen petitioner set the fire and that he had threatened to do so because the inmate had terminated a homosexual relationship with petitioner. The Hearing Officer affirmed the charge and ordered that petitioner be held in a special housing unit for 180 days, lose 90 days of good behavior allowance and pay $88.45 in restitution. The Hearing Officer's determination was administratively affirmed on June 2, 1989. Petitioner then commenced this CPLR article 78 proceeding seeking to annul the determination of guilt. Supreme Court dismissed the petition and this appeal ensued.

Petitioner contends, based on *Matter of Hartje v Coughlin,* (70 NY2d 866, *supra)* that the second hearing was improperly convened. Petitioner urges that respondents should be foreclosed from holding a new hearing for additional evidence that was previously available but not presented at the first hearing, resulting in a lack of substantial evidence to support the disciplinary charge at the first hearing. Petitioner also contends that the Hearing Officer should have recused himself because he had presided over an earlier disciplinary matter involving petitioner, at which some evidence was implicated in the instant matter. Petitioner contends that the Hearing Officer demonstrated bias to petitioner and that he received ineffective employee assistance in that certain documentary evidence he requested was not secured for him by the assistant. Petitioner also requests reversal because of gaps in the hearing transcript. Finally, petitioner requests class certification and related discovery.

The case of *Matter of Hartje v Coughlin (supra)* has been consistently applied by this court to preclude rehearings in

substantial evidence cases *(see, Matter of Rosario v Selsky,* 162 AD2d 939; *Matter of McIntosh v Coughlin,* 155 AD2d 762). However, here Supreme Court found the lapse by the Hearing Officer in the first administrative hearing to be a procedural one and, therefore, the *Hartje* rule was not implicated. We agree. *Matter of Hartje* does not limit the power of an agency to conduct a new hearing before it issues a final determination and before an inmate seeks judicial review *(cf., Matter of Kalonji v Coughlin,* 157 AD2d 941). Administrative agencies have inherent authority to reconsider a prior determination which is not final *(Matter of Gonzalez v Jones,* 115 AD2d 849, 850). An agency should be permitted to complete its deliberation in a case before a right to judicial intervention ripens. Judicial review of nonfinal agency determinations is thus denied until a final record is compiled *(see, e.g., Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 520).

We agree with Supreme Court that the rule articulated in *Matter of Hartje* is not applicable in the instant circumstances. Therefore, petitioner's request for class action status was also properly denied. Petitioner's allegations of bias on the part of the Hearing Officer are not supported in the record and thus no ground for his removal has been established. Petitioner's other issues are likewise without merit and we decline to discuss them.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.