■ In the Matter of JAMES R. MOORE, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant. [604 NYS2d 411] — Order unanimously reversed on the law and application denied. Memorandum: After granting petitioner's CPLR article 78 petition and ordering respondent to schedule a hearing within six weeks to reconsider petitioner's release to parole status, the court subsequently granted petitioner's application for an order finding respondent in civil contempt and releasing petitioner to parole status. The court determined that respondent's failure to file a timely notice of appeal or to schedule a new parole hearing within six weeks of its order "requires" petitioner's release to parole status even though a

new hearing was held in the interim and release was again denied.

The finding of contempt is inappropriate. Petitioner failed to meet his burden of proving that respondent intended to impair or prejudice his rights or that respondent actually did so *(see,* Judiciary Law § 753 [A]; *Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233, 239-240; *Matter of Fishel v New York State Div. of Hous. & Community Renewal,* 172 AD2d 835, 837-838). A fortiori, the order itself is defective because it could not and did not make those necessary findings *(see, Seril v Belnord Tenants Assn.,* 139 AD2d 401, 402).

Even if the contempt determination had been proper, the court lacked the authority to direct the release of an inmate to parole status because that remedy invades the discretionary decision-making authority of respondent *(see, e.g., Matter of Greene v Smith,* 52 AD2d 292, *appeal dismissed* 40 NY2d 826). Petitioner's reliance on *Matter of King v New York State Div. of Parole* (190 AD2d 423) is misplaced; that Court, in finding that respondent failed to apply the required standards, remitted the matter for a de novo hearing. (Appeal from Order of Supreme Court, Cayuga County, Contiguglia, J.—Contempt.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.