■ In the Matter of ROBERT BRODIE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Program, et al., Respondents. [611 NYS2d 38] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On March 16, 1992, petitioner was found guilty after a hearing of assaulting another inmate and possession of a weapon. The determination was administratively reversed because the Hearing Officer failed to ascertain the reason for the victim's refusal to testify. A rehearing was conducted between May 22, 1992 and June 3, 1992 and the victim testified by phone. Petitioner was again found guilty of the charges. A penalty of two years' confinement in the special housing unit with loss of all privileges was imposed. After an unsuccessful administrative appeal, petitioner commenced this proceeding challenging the determination. Petitioner's pri-

mary contention is that the rehearing was improper because the procedural error that respondent sought to correct was one of constitutional dimension. While expungement is the proper remedy for such an error *(see, Contras v Coughlin,* 199 AD2d 601; *Matter of Dawes v Coughlin,* 193 AD2d 1047, *lv granted* 82 NY2d 657; *Matter of Preston v Coughlin,* 164 AD2d 101; *Matter of Rosario v Seksky,* 162 AD2d 939) after the issuance of a final administrative determination, where, as here, a procedural error is discovered before a final determination is rendered, an agency may conduct a new hearing to correct it *(see, Matter of Murray v Scully,* 170 AD2d 829).

We proceed to petitioner's further contention that his due process right to call witnesses was infringed at the rehearing. Petitioner made a request to call inmates S. Ryan and K. Hart. The Hearing Officer initially questioned each inmate personally and ascertained that they would only testify if first permitted to talk to petitioner's assistant. The Hearing Officer decided that this request was proper and obtained an extension of the hearing in order to afford petitioner's assistant the opportunity to interview them. Just prior to the reconvened hearing, the Hearing Officer was informed that both inmates refused to testify. He asked petitioner if they had agreed to testify and petitioner acknowledged in the affirmative. The Hearing Officer called Lieutenant A.F. Blades to testify, who produced two unsigned refusal forms. He testified in substance that when he asked each inmate why they refused to testify, they would not provide further information. We note that the Hearing Officer made no inquiry or determination regarding whether their testimony was material, relevant or redundant, so the sole issue is whether the Hearing Officer had a duty to personally ascertain the reasons for their unwillingness to testify. Under the circumstances herein, the Hearing Officer did have such a duty and therefore petitioner's constitutional right to call witnesses was violated *(see, Contras v Coughlin, supra).*

Therefore, annulment is required and we direct expungement from petitioner's records. Petitioner's remaining contentions need not be considered.

Mercure, White, Casey and Weiss, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to this proceeding from petitioner's institutional records.