■ In the Matter of IAN DAWES, Respondent, v DONALD SELSKY, as Director of Special Housing Units of the Department of Correctional Services, Appellant. [649 NYS2d 522] —Peters, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered July 6, 1995 in Chemung County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

On April 28, 1994, petitioner was found guilty of, *inter alia*, creating a disturbance. The determination was administratively reversed on the ground that the "Hearing Officer inappropriately denied a witness because witness was on vacation and unavailable". A rehearing was conducted in July 1994 and concluded with a finding of guilt which was affirmed after an administrative appeal. Petitioner then commenced this proceeding challenging the determination. Supreme Court concluded that the denial of the witness at the first hearing was a procedural error of constitutional dimension and that expungement and not a rehearing was the proper remedy. Respondent appeals.

We reverse. Expungement in cases of this nature is only necessitated after the issuance of a final administrative determination. Here the procedural error was discovered before a final determination was rendered; therefore, a rehearing was properly ordered (*see, Matter of Brodie v Selsky*, 203 AD2d 671; *Matter of Murray v Scully*, 170 AD2d 829, *lv denied* 78 NY2d 856). A review of the record reveals that the rehearing af-

forded petitioner a full and fair opportunity to present his case.

Mindful that respondent has administratively reversed that portion of the determination upon rehearing which found petitioner guilty of the harassment violation, and that the same penalty was imposed after each hearing, we need not remit for reconsideration of the penalty (*cf., Matter of McRae v Leonardo*, 176 AD2d 421; *Matter of Nowlin v LeFevre*, 151 AD2d 880, 882). As to petitioner's remaining arguments, we find them unpersuasive.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.