OPINION OF THE COURT
Abraham G. Gerges, J.
Defendant moves to vacate his judgment on the grounds that it was procured by "fraud” or "misrepresentation” on the part of the court. The motion earlier had been made orally and was denied. The court deems this motion to be a motion to reconsider.
The motion to reconsider is granted, the court’s prior decision and order is recalled and vacated, and this decision and order is substituted.
In deciding this motion, the court has considered the moving papers, plea minutes of January 17, 1997, sentencing minutes of January 29, 1997, minutes of January 30, 1997, minutes of February 5, 1997, and minutes of February 14, 1997. The People do not oppose defendant’s motion. They have previously stated their agreement with defendant.
Defendant was indicted for the murder of Kathleen D’Angelo Palumbo.
On January 17, 1997, over the prosecution’s objection, defendant pleaded guilty to depraved indifference homicide. At the time of the plea, the court promised to sentence defendant to a period of incarceration having a minimum term of 15 years and a maximum term of life. The court also promised recommending mental evaluation by the Department of Correction. The following colloquy then occurred:
"the court: Now, other than the promise I made to you regarding your sentence, has anyone else made any promise to you?
"the defendant: No.
"the court: Are there any other agreements between the defendant and the District Attorney’s Office?
"the defendant: No.” (Plea minutes, Jan. 17, 1997, at 8, line 25; at 9, line 9.)
No statement or promise was made regarding any recommendation of parole.
On January 29, 1997, the court sentenced the defendant as promised to a term of incarceration having a minimum of 15 *736 years and a maximum of life. In addition, the court stated that it was recommending that "defendant do at least 25 years.” The court also directed that the sentencing record be sent to the Board of Parole.
On January 30, 1997, defendant orally stated that the court "gratuitously put on the record that you [this court] are recommending to parole that he [defendant] not be released before a minimum of 25 years.” (Minutes, Jan. 30, 1997, at 3, lines 4-6.) The court adjourned the matter to February 10, 1997 for motions and set a date of February 5 for control.
On February 14, 1997, the court issued an oral decision granting vacatur of the sentence and remitting the matter for resentence to another Justice. The court denied the motion to vacate the plea/conviction.
Defendant’s written motion followed.
Where a guilty plea is induced by a promise, the promise must be kept or defendant must be given the privilege to withdraw the plea (Santobello v New York, 404 US 257; People v Torres, 45 NY2d 751, 753; People v Frederick, 45 NY2d 520, 524). In New York, only promises that appear on the plea record are recognized (People v Huertas, 85 NY2d 898, 899; People v Ramos, 63 NY2d 640, 643; People v Danny G., 61 NY2d 169, 173). Where defendant states that no other promises have been made, the courts will not recognize any other claimed basis for the plea (Matter of Benjamin S., 55 NY2d 116, 120).
In this case, the record indicates that the only promise made was a sentence of incarceration of 15 years to life. No "on the record” promise was made regarding the court’s recommendation for parole. The court cannot recognize any consideration that the defendant may have had in his mind regarding parole eligibility. The court, under the terms of the promise, was free to make any appropriate recommendation regarding defendant’s parole.
In addition, the plea could not have been "induced” by any expectation of parole release or court recommendation. In New York, the decision to release a sentenced prisoner on parole rests solely with the Board of Parole (Matter of Briguglio v New York State Bd. of Parole, 24 NY2d 21, 26). In the absence of a violation of statute or regulation, the court cannot interfere with parole release decisions of the New York State Board of Parole (Tarter v State of New York, 68 NY2d 511, 517; Matter of Briguglio v New York State Bd. of Parole, supra, at 29; Matter of Williams v Board of Parole, 220 AD2d 753). Even *737 where a court disagrees with the decision of the Board, there is no authority to order the release of a prisoner on parole (Matter of Moore v New York State Bd. of Parole, 198 AD2d 836, 837). Therefore, neither the Judge (Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 76-77) nor the defendant have any expectation of when defendant will be released (People ex rel. Talley v Executive Dept., N. Y. State Bd. of Parole, 232 AD2d 798, 799). Even where defendant displays exemplary behavior during the term of imprisonment, parole release is not mandated (Tarter v State of New York, supra, 68 NY2d, at 517).
Thus, defendant had no legal expectation as to when he would have been released even with good behavior.
While the Board of Parole may consider the court’s recommendation (see generally, Matter of Williams v Board of Parole, 220 AD2d 753, 754, supra), the decision is solely that of the Board of Parole {see, case cited earlier).
Thus, the plea was not "induced” by any parole consideration.
The court finds no violation of defendant’s constitutional rights.
It is noted that the plea allocution need not contain any statement regarding parole (Hill v Lockhart, 474 US 52, 56; People v Ramos, 63 NY2d, supra, at 643; Hunter v Fogg, 616 F2d 55, 61).
Despite the lack of violation of defendant’s constitutional rights, the court believes that its statement regarding parole was premature. An analysis of Executive Law article 12-B (§ 259 et seq.), Correction Law article 8 (§ 212 et seq.) and 9 NYCRR, part 8000, subtitle CC (§ 8000.1 et seq.) indicates that parole determination and consideration should be made at the time the defendant becomes eligible for parole, not earlier. Defendant’s behavior between sentencing and parole, and defendant’s planned activity if released, are major considerations in determining release. These factors cannot be considered at sentencing.
The court’s statement was, therefore, premature.
*738 REMEDY
CPL 440.10 (4) permits a court, upon granting a motion to vacate a judgment,* to "take such other action as is appropriate in the circumstances.” Defendant’s motion (fl 3) asks "For such other and further relief as to the Court seem just and proper.”
In People v Tindle (61 NY2d 752, 754), the Court said: "As a remedy, appellant requests the option of withdrawing his guilty plea. While such relief may be necessary in some circumstances to restore a defendant to his presentence position, it is not required here. Appellant can receive the benefit of his bargain through resentencing before a different Judge.”
Similarly, the Court in Santobello v New York (supra, 404 US, at 263) stated one of the proper remedies for an alleged breach of a plea bargain is to send the matter to another Judge or Justice for sentencing in accordance with the agreement. The remedy of sending the matter to another Judge is long standing (People v Torres, 67 NY2d 659, 661; People v Selikoff, 35 NY2d 227, 239).
In this case, no breach of promise occurred. The court’s premature statement regarding parole can be cured by resentencing before a different Judge. Thus, if it is proper remedy for a breach of promise that resentence occur before a different court, it is proper in this case.
The court found the plea bargain appropriate. The court sentenced the defendant as promised. There was no defect in the plea. (Although argument was made that the allocution was deficient, the court found no deficiency.) There is no defect in the conviction, i.e., plea. There exists no legal basis to vacate the plea.
It is also noted that Executive Law § 259-i (1) (a) (i) authorizes the Board Parole to consider "recommendations of the sentencing court.” Since this court will not be the "sentencing court”, the Board of Parole will consider only the sentencing court’s recommendations and not this court’s recommendations.
The court finds that in this case the appropriate remedy where no breach of the promise has occurred and where the sentencing promise can be fulfilled is resentence before a different Judge or Justice.
The part of the judgment constituting the sentence is vacated. The conviction remains valid.
*739 This matter is referred to another Judge or Justice for resentencing.
The court further directs that the minutes of January 29, 1997 not be forwarded to the Board of Parole.

 A judgment consists of a conviction and sentence (CPL 1.20 [15]). The vacatur of the sentence vacates the judgment although not necessarily the conviction.