THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS WILLIAMS, Appellant. [710 NYS2d 292] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the charge on justification impermissibly shifted the burden of proof. County Court followed the New York Criminal Jury Instructions (*see,* 1 CJI[NY] 35.15 [2] [a]) and repeatedly instructed the jury that the People had the burden of disproving the defense of justification beyond a reasonable doubt (*see, People v James K.,* 236 AD2d 825, 825-826, *lv denied* 90 NY2d 859). (Appeal from Judgment of Monroe County Court, Connell, J.—Criminally Negligent Homicide.) Present—Pigott, Jr., P. J., Green, Kehoe and Lawton, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY SCOTT, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [710 NYS2d 265] —Appeal unanimously dismissed without costs. Memorandum: Petitioner appeals from a judgment dismissing the petition for a writ of habeas corpus, brought to challenge aspects of a parole revocation proceeding that had not been finally determined when the proceeding was brought. Under the circumstances, habeas corpus relief is not available because the administrative determination was not yet final and petitioner failed to exhaust his administrative remedies (*see, People ex rel. Childs v Bennett,* 231 AD2d 951, 952, *lv denied* 89 NY2d 802; *Matter of Trimaldi v Superintendent,* 169 AD2d 960). Moreover, in these circumstances, the challenge to preliminary matters is rendered moot by the intervening final parole revocation determination (*see, People ex rel. McCummings v DeAngelo,* 259 AD2d 794, 794-795, *lv denied* 93 NY2d 810; *People ex rel. Chavis v McCoy,* 236 AD2d 892). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Habeas Corpus.) Present—Pigott, Jr., P. J., Green, Kehoe and Lawton, JJ.