■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT VICTORY, Respondent, v VICTOR HERBERT, as Superintendent of Attica Correctional Facility, et al., Appellants. [716 NYS2d 254] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in granting the petition for a writ of habeas corpus and directing respondents to release petitioner to parole supervision. The court "lacked the authority to direct the release of [petitioner] to parole status because that remedy invades the discretionary decision-making authority of [the Parole Board]" (*Matter of Moore v New York State Bd. of Parole*, 198 AD2d 836, 837; *see, Matter of O'Connor v State Bd. of Parole*, 270 App Div 93, 98). Petitioner commenced this proceeding seeking reinstatement of an open parole release date that was rescinded by the Parole Board following a rescission hearing. An inmate with an open parole release date shall be released "as soon after such date as a satisfactory [parole] program is available" (9 NYCRR 8002.3 [f]; *see, Matter of De Zimm v New York State Bd. of Parole*, 135 AD2d 66, 67, n 1). Because the grant of an open pa-

role release date creates merely the expectation of release at some undetermined time, habeas corpus relief was inappropriate (*see, People ex rel. Robinson v Fogg*, 105 AD2d 521; *see also, People ex rel. Wilson v Hanslmaier*, 232 AD2d 702). Furthermore, where, as here, full relief may be obtained in a CPLR article 78 proceeding, habeas corpus relief is inappropriate (*see, People ex rel. Scott v Babbie*, 248 AD2d 909, 910, *lv denied* 92 NY2d 803).

In any event, whether habeas corpus or CPLR article 78 provides the appropriate remedy, the Parole Board did not make a final determination and petitioner did not exhaust his administrative remedies. Petitioner commenced this proceeding while appealing the rescission administratively pursuant to 9 NYCRR 8002.5 (e). On administrative appeal, the Parole Board reversed the determination rescinding petitioner's release date and ordered a new rescission hearing because of the improper involvement of a Parole Board Commissioner "acting as unsworn witness, prosecutor and judge at the rescission hearing." The court granted the petition herein without allowing the Parole Board to conduct the rehearing. "An agency should be permitted to complete its deliberation in a case before a right to judicial intervention ripens" (*Matter of Murray v Scully*, 170 AD2d 829, 831, *lv denied* 78 NY2d 856). A controversy is not ripe for judicial review "if the claimed harm may be prevented or significantly ameliorated by further administrative action" (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 520, *cert denied* 479 US 985; *see,* CPLR 7801 [1]; *People ex rel. Scott v New York State Div. of Parole*, 273 AD2d 884). Contrary to the contention of petitioner, the decision of the Court of Appeals in *Matter of Hartje v Coughlin* (70 NY2d 866) "does not limit the power of an agency to conduct a new hearing before it issues a final determination and before an inmate seeks judicial review" (*Matter of Murray v Scully, supra,* at 831; *see, Matter of Ortiz v Rourke*, 241 AD2d 962, 963; *Matter of Dawes v Selsky,* 233 AD2d 598). "[W]here, as here, a procedural error is discovered before a final determination is rendered, an agency may conduct a new hearing to correct it" (*Matter of Brodie v Selsky*, 203 AD2d 671, 672; *see generally*, 9 NYCRR 8006.4 [h]). In the event that petitioner is aggrieved by the final determination rendered at the conclusion of the rehearing and he exhausts his administrative remedies, he may seek judicial review of the interlocutory ruling directing the rehearing (*see, Matter of Ford v Snashall*, 275 AD2d 493; *Matter of Patchogue Nursing Ctr. v New York State Dept. of Health*, 189 AD2d 1054, 1056, *lv denied* 81 NY2d 711). (Appeal from Judgment of Supreme Court, Wyoming County,

Dadd, J.—Habeas Corpus.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.