**Jerold SCHWARTZ, Plaintiff–Appellant,**

v.

**Robert DENNISON, et al., Defendants–Appellees.**

**No. 07–4759–cv.**

United States Court of Appeals, Second Circuit.

July 22, 2009.

Jacqueline K. Hollander, New York, NY, for Plaintiff–Appellant.

David Lawrence, Assistant Solicitor General (Luke T. Martland, Assistant Attorney General, of counsel), for Andrew M. Cuomo, Attorney General for the State of New York, New York, NY, for Defendant–Appellee.

PRESENT: B.D. PARKER, RICHARD C. WESLEY, Circuit Judges, NICHOLAS TSOUCALAS,* Judge.

### SUMMARY ORDER

Plaintiff–Appellant Jerold Schwartz appeals from a judgment of the United States District Court for the Southern District of New York (Holwell, *J.*). In a well-reasoned opinion, the district court dismissed Schwartz's Section 1983 claims that officials from the New York State Department of Correctional Services ("DOCS") and the New York State Parole Board denied him due process of law by delaying his access to a treatment program and by denying his parole application. *See Schwartz v. Dennison*, 518 F.Supp.2d 560 (S.D.N.Y.2007). We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

A person may "obtain a protectible right" pursuant to the Due Process Clause where he has "a legitimate claim of entitlement to it." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). "In order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he

---

* The Honorable Nicholas Tsoucalas, Senior Judge of the United States Court of International Trade, sitting by designation.

must have a legitimate expectancy of release that is grounded in the state's statutory scheme." *Barna v. Travis*, 239 F.3d 169, 170–71 (2d Cir.2001). A presumption that parole will be granted amounts to a legitimate expectation of release subject to due process protections. *See Greenholtz*, 442 U.S. at 12, 99 S.Ct. 2100 (holding that Nebraska statute creates an expectation of release "entitled to some measure of constitutional protection" by calling for release unless at least one of four designated reasons for deferral is found). Where a statute creates a predictive expectation of release but also vests broad discretion in the Board of Parole, an inmate is not entitled to full due process protections, but must be afforded an opportunity to be heard at a hearing and must be informed of the reasons for the denial of parole. *Id.* at 16, 99 S.Ct. 2100.

New York Correction Law provides that a finding of successful participation in a work and treatment program—reflected in the issuance of a "certificate of earned eligibility" ("CEE")—will result in parole release for inmates serving a minimum sentence of not more than eight years "unless the board of parole determines that there is a reasonable probability that, if such inmate is released, he will not live and remain at liberty without violating the law and that his release is not compatible with the welfare of society." N.Y. Correct. Law § 805. The district court correctly determined that New York Correction Law § 805 creates a liberty interest entitling those inmates who have earned a CEE to some due process protections in the consideration of their parole applications, but that those protections are satisfied where an inmate is afforded an opportunity to be heard and a statement of reasons for the denial of parole. *See Schwartz*, 518 F.Supp.2d at 572–73; *see also Clarkson v. Coughlin*, 898 F.Supp. 1019, 1040 (S.D.N.Y.1995); *People ex rel.*

*Hunter v. Bara*, 144 Misc.2d 750, 752–53, 545 N.Y.S.2d 65, 66–67 (N.Y.Sup.Ct.1989).

■ Schwartz received an opportunity to be heard at a hearing as well as a statement of reasons for the denial of parole release. The Parole Board was not required to describe the evidence supporting those reasons in order to satisfy the Due Process Clause. Therefore, the district court correctly determined that the defendants did not deny Schwartz due process in denying him parole release in April 2005.

■ Nor did the defendants violate due process in allegedly applying a policy to deprive sex offenders of timely admission to DOCS's six-month long Sex Offender Counseling Program ("SOCP"). Even assuming Schwartz was entitled to admission into the SOCP program at least eight months prior to his first Parole Board hearing, earlier admission into the program does not create a presumption of parole release such that it implicates due process liberty interests. Under § 805, admission into a treatment program is only one of several conditions that must be in place in order for an inmate to receive a CEE and thereby become presumptively entitled to parole release. Not only must the inmate enroll in the program, but under § 805 he must (1) satisfy the DOCS commissioner that he has successfully participated in the program; and (2) actually receive a CEE, which the commissioner "may" issue, but is not required to issue. *See* N.Y. Correct. Law § 805. Therefore, admission into the SOCP program does not in itself confer a presumption of parole release subject to the Due Process Clause in the way that the DOCS commissioner's issuance of a CEE does.

Moreover, whether an inmate is timely admitted into the SOCP program does not appear to have a decisive impact on whether he or she receives a CEE, as evidenced

by the fact that Schwartz received a CEE even though he had not completed the program before his parole hearing. Indeed, § 805 allows a DOCS commissioner to issue a CEE upon concluding that an inmate has successfully participated in the program and does not require that the inmate have completed the program. Therefore, even if admission into the SOCP program was sufficiently related to the presumption of release accompanying a CEE that it would be subject to due process protections in its own right, *timely* admission—to allow completion of the program prior to an inmate's first parole hearing—would not be similarly protected.

To the extent that Schwartz argues that due process protects timely admission into the program, not because such admission results in a CEE under § 805 but because such admission is an independent prerequisite for parole release, there is no support in the record for that contention. The Parole Board's comment that Schwartz stood to benefit from the completion of the SOCP program did not reflect a requirement that he do so in order to receive parole release, and we are not aware of any such requirement.

We have examined Schwartz's remaining contentions on appeal and find them to be without merit.

For the foregoing reasons, the judgment is AFFIRMED.