■ In the Matter of NORMAN JECKEL III, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONS, Respondent. [975 NYS2d 697]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review, among other things, a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

During a frisk of petitioner's cube, a correction officer found three tablets of what was ultimately identified as suboxone. Petitioner was accordingly charged in a misbehavior report with violating various prison disciplinary rules and, following a tier III disciplinary hearing, he was found guilty of possessing unauthorized medication and drug use. Upon administrative review, the drug use charge was dismissed and the penalty reduced ac-

cordingly. Petitioner commenced this proceeding to challenge both the initial determination and the denial of his subsequent request for reconsideration.

Petitioner here sought to discuss the disciplinary proceedings with retained counsel, but prison officials prohibited personal and telephonic contact between the two prior to the disciplinary hearing. To be sure, inmates do not "have a right to either retained or appointed counsel in disciplinary proceedings" (*Wolff v McDonnell*, 418 US 539, 570 [1974]; *see Matter of Laureano v Kuhlmann*, 75 NY2d 141, 146 [1990]; *Matter of Fuentes v Fischer*, 56 AD3d 919, 920 [2008]). They remain, however, entitled to "a reasonable opportunity to seek and receive the assistance of attorneys" with regard to issues of concern to them (*Procunier v Martinez*, 416 US 396, 419 [1974]; *see Benjamin v Fraser*, 264 F3d 175, 184 [2d Cir 2001]; Dept of Correction and Community Supervision Directive No. 4404). Petitioner was deprived of such an opportunity, which amounted to unjustifiable interference with his right to "marshal the facts and prepare a defense" under the circumstances of this case and requires dismissal of the remaining charge and expungement from his institutional record (*Wolff v McDonnell*, 418 US at 564; *see Matter of Rosario v Selsky*, 162 AD2d 939, 940 [1990]).

Petitioner's remaining arguments, including any issues regarding his request for reconsideration, are rendered academic in light of the foregoing.

Peters, P.J., Lahtinen, Stein and Spain, JJ., concur. Adjudged that the determination dated January 9, 2012 is annulled, without costs, petition granted to that extent, and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record; petition otherwise dismissed as academic.