■ In the Matter of JOSEPH T. BERBENICH et al., Appellants, v MICHAEL SCHOENFELD et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated January 29, 1987, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), dated March 2, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners are the owners of certain property located on the northwest side of New York Avenue, approximately 223 feet north of Union Place, in Huntington. The property is currently improved with a one-story, cinder block and stucco, commercial garage.

By letter dated August 26, 1986, the petitioners were informed by the Office of Engineering, Building and Housing of the Town of Huntington that their plan to expand the building located on the property would require a waiver of the parking regulations contained in the Town of Huntington Code § 198-47 which are applicable to C-6 general business districts. By letter dated October 1, 1986, the petitioners were further informed that the proposed expansion of their build-

ing would violate certain of the Town of Huntington's Subdivision Regulations and Site Improvement Specifications, which were adopted by the Town Board in 1974. Specifically, the petitioners were informed that their proposed building would violate subdivision regulations which require that driveways be at least 24 feet in width, and that they be set back 5 feet from the property line.

On or about October 21, 1986, the petitioners applied to the respondent Zoning Board of Appeals and requested that they be granted a "waiver of 5-foot buffer and 24-foot driveway requirements". In their application the petitioners also stated that they would provide 10 off-street parking spaces for what they planned to be a 4,404 square-foot beverage distribution center. After a hearing, the Zoning Board of Appeals denied the application, upon the basis that the proposed expansion would result in the existence of a "driveway that does not conform to today's standards".

In the instant proceeding, the petitioners alleged that the determination of the Zoning Board of Appeals was "illegal, unjust, arbitrary, capricious, unauthorized and not substantiated by the record". The petitioners alleged that the proposed expansion of the building would result in an increase in the width of the driveway from 10 feet to 18 feet. The petitioners also alleged that they would suffer "practical difficulties" as a result of the Board's determination. The Supreme Court dismissed the petition. We affirm.

The Zoning Board of Appeals of the Town of Huntington has the power "[t]o hear and decide appeals from any order, requirement, decision, or determination of the Building Inspector" (Town of Huntington Code § 198-109 [A]). The term "building inspector" is defined in the Town of Huntington Code § 198-2 to include any subordinate of the Director of the Department of Engineering, Building and Housing. It is therefore beyond question that the Zoning Board of Appeals had the power to review the determination by the town's Office of Engineering, Building and Housing that the proposed expansion of the petitioners' building would violate the town's driveway-width and off-street parking requirements.

The Supreme Court held that, under applicable provisions of the zoning ordinance, the petitioners would have to furnish 22 off-street parking spaces in connection with their proposed building expansion. This was based on the court's determination that the petitioners' proposed use of the building as a "beverage distribution center" with over 4,400 square feet of

floor space fell within the town code's definition of a "personal service store" rather than within the Town of Huntington Code's definition of a "wholesale establishment * * * or distribution plant", so that one off-street parking space would be required for every 200 square feet, rather than for every 500 square feet of floor space (Town of Huntington Code § 198-47). The court also determined that the Town of Huntington Code § 198-27 (E) (1) required the petitioners to provide one off-street parking space for every 200 square feet of floor space with respect to the entire floor area of the proposed expanded structure (4,404 square feet). This is so, even though properties located within C-6 zones are generally exempt from any off-street parking requirements (Town of Huntington Code § 198-43), and even though Town of Huntington Code § 198-27 (E) (1), which requires that off-street parking spaces be provided when a building located in a C-6 zone is expanded, states that such spaces are required only "to the extent required by the area of the expansion".

We believe that the Supreme Court erred in upholding the determination of the Zoning Board of Appeals on the basis of the petitioners' supposed inability to comply with the town's off-street parking requirements. Town of Huntington Code § 198-27 (E) (1) is ambiguous as to whether the off-street parking, which must be provided whenever an existing building located within a C-6 district is expanded, must correlate to the total floor space of the entire structure, as expanded, rather than to the floor space of the area of the expansion alone. The Zoning Board of Appeals has the initial authority to construe this provision so as to clarify this ambiguity, but it has not done so in this case. In denying the petitioners' application, the Zoning Board of Appeals did not rely on any purported noncompliance with the town's off-street parking requirements. It was error for the Supreme Court to uphold the action of the Zoning Board of Appeals on a basis not invoked by that agency (see, Matter of Golisano v Town Bd., 31 AD2d 85, 87-88), at least where the validity of that basis (the alleged noncompliance with off-street parking requirements) depends on the construction of an ambiguous ordinance, a matter properly left to the administrative agency responsible for enforcing it, rather than to the court.

However, the Supreme Court was correct in holding that the Zoning Board of Appeals properly denied the petitioners' application in light of their conceded inability to comply with the town's driveway-width requirements. At the hearing before the Zoning Board of Appeals, it was conceded that the

driveway on the premises is, as it now stands, "nonconforming". The Zoning Board of Appeals may properly deny permission to expand a nonconforming building in the absence of any showing of practical difficulties. The petitioners have unquestionably failed to show any such practical difficulties in the operation of the currently existing commercial garage (see generally, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Cowan v Kern, 41 NY2d 591; Matter of Dueger v Zoning Bd. of Appeals, 96 AD2d 905, affd 61 NY2d 743; Human Dev. Servs. v Zoning Bd. of Appeals, 110 AD2d 135, affd 67 NY2d 702). Furthermore, the petitioners may not now argue that their driveway is conforming, on the grounds that the Subdivision Regulations referred to above are not part of the Zoning Chapter of the Town of Huntington Code, since this argument was not raised before the Zoning Board of Appeals or in the petition to the Supreme Court (see generally, Matter of North Ridge Enters. v Town of Westfield, 87 AD2d 985, affd 57 NY2d 906). Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.