■ In the Matter of MARJORIE CLOWRY et al., Appellants, v TOWN OF PAWLING et al., Respondents. [609 NYS2d 299] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Pawling, dated August 26, 1991, which, after a hearing, granted the application of the intervenors-respondents Vijaya and Paula Kumar, for an area variance, the petitioners appeal from a

judgment of the Supreme Court, Dutchess County (Hillery, J.), entered March 13, 1992, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In 1988 the intervenors Vijaya and Paula Kumar purchased two adjacent lots in the Whaley Lake area of the Town of Pawling. One lot contained a single family residence and a dilapidated garage. Because of steeply sloping grades, the second lot was not improved with any structures.

In 1989 the Kumars applied for a permit to demolish the garage, which was in serious disrepair, and replace it with a new one. Neither the old nor the planned new garage met the front-yard setback requirements of the Town's zoning ordinance. Although the proposed structure required an area variance, the building inspector issued a permit without one. This action was consistent with the way similar types of applications were handled in the past in the Whaley Lake area. Following issuance of the permit, the Kumars spent approximately $55,000 constructing the new garage which was completed in October 1989.

In November 1989 the petitioners commenced a CPLR article 78 proceeding challenging issuance of the permit without the required variance, and seeking, *inter alia,* to have the new garage removed. The Kumars were granted leave to intervene in the CPLR article 78 proceeding. Finding that the petitioners had failed to exhaust their administrative remedies, the Supreme Court remitted the matter to the Zoning Board of Appeals to determine whether the permit had been issued properly and whether the garage was in compliance with the Town Code.

The petitioners thereafter applied to the Zoning Board of Appeals for a determination concerning the issuance of the subject permit, and construction of the garage without a variance. The Board also entertained an application by the Kumars for the issuance of an area variance in the event it was determined that one was necessary. The Board conducted a joint public hearing with respect to both applications. On August 26, 1991, the Board determined that the permit should not have been issued without a variance but concluded further, that the Kumars had met their burden of establishing practical difficulties, and were entitled to the issuance of an area variance.

On October 4, 1991, the petitioners served an amended petition seeking, *inter alia,* to annul the Board's determination. The Supreme Court confirmed the determination and dismissed the amended petition. We now affirm.

We reject the petitioners' argument, raised for the first time on appeal, that the Kumars lacked standing to seek an area variance. Since the petitioners did not raise this claim before the Board, they failed to preserve the issue for judicial review *(see, Matter of Berbenich v Schoenfeld,* 149 AD2d 505). In any event, the Kumars were aggrieved by the determination that an area variance was needed to build their garage. Therefore, they had standing to make the subject application and the Board acted properly in considering both applications together.

With respect to the merits, we agree with the Supreme Court that the Board's determination has a rational basis and is supported by substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). The evidence in the record, including expert testimony presented on behalf of the Kumars, established that it would be impracticable to place the garage in any other location because much of the remaining property has steep grades. Further, the record establishes that the front setback of the Kumars' garage is similar to many others in the area, and would not disturb the character of the community. Finally, the Kumars, reasonably relying on the issuance of a permit, incurred substantial expenses for demolition of the old structure and construction of the new one.

We find the evidence adduced by the Kumars was sufficient to establish that strict compliance with the zoning ordinance will result in practical difficulties *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 606). The Board here considered all the relevant factors and properly granted the Kumars' application for an area variance *(see,* Town Law § 267-b [3]). Accordingly, the Supreme Court properly dismissed the proceeding. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.