Allen Stuart HERSCHAFT, Plaintiff–Appellant,

v.

Michael BLOOMBERG, Mayor, New York City Council, Defendant–Appellee.

No. 02–9292.

United States Court of Appeals, Second Circuit.

July 3, 2003.

---

Allen Stuart Herschaft, Brooklyn, NY, for Appellant, pro se.

Edward F.X. Hart, Law Department, City of New York, New York, NY, for Appellees.

Present: WALKER, Chief Judge, LEVAL, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Allan Herschaft, *pro se*, appeals from the district court's denial of his motion for a preliminary injunction challenging the constitutionality of New York City Administrative Code and Charter § 10–119, which bans the posting of signs on certain city property. Herschaft contends that the ordinance is overbroad, that it chills speech, and it violates the Equal Protection Clause. He sought declaratory, preliminary and permanent injunctive relief, as well as monetary damages. The district court held that New York City's ban on posted signs was narrowly tailored to achieve the significant government interests in prevention of litter and preservation of aesthetics. *See Herschaft v. City of New York*, 2002 U.S. Dist. LEXIS 9561 (E.D.N.Y. May 24, 2002).

This court reviews a district court's denial of a motion for a preliminary injunction for abuse of discretion. *See Bery v. City of New York*, 97 F.3d 689, 693 (2d Cir.1996). However, this Court is required to do an independent examination of the whole record because the challenge concerns rights under the First Amendment. *Id.* In order to warrant the grant of a preliminary injunction, Herschaft had to show "irreparable harm and either (a) a likelihood of success on the merits or (b) a sufficiently serious question going to the merits, with a balance of hardships tipping in favor of the party requesting the preliminary injunction." *Tunick v. Safir*, 209 F.3d 67, 70 (2d Cir.2000). For a content-neutral restriction on speech in a public forum to withstand constitutional scrutiny under the First Amendment, it must be narrowly tailored to serve a significant government interest and leave open ample alternative channels for communication of the information. *See Ward v. Rock Against Racism*, 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989).

Herschaft fails to meet the standard for granting a preliminary injunction. Because deprivations of First Amendment rights are deemed irreparable, Herschaft's allegations met the first prong of the test, but he does not demonstrate a likelihood of success on the merits or a serious question on the merits. First, the City has a significant interest in its appearance and in preventing litter which can be created by

signs of any size. *City Council v. Taxpayers for Vincent,* 466 U.S. 789, 807, 814–15, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984) (holding that a Los Angeles anti-posting ordinance prohibiting a city council candidate from posting signs on utility poles was constitutional). Second, because the nature of the medium of sign posting is to create litter, the posting ordinance is narrowly tailored in responding "precisely to the substantive problem which legitimately concerned the City." *Id.* at 810 (clutter is "not merely a possible by-product of [posting signs], but is created by the medium of expression itself"). Third, the ordinance leaves open ample alternative means for communicating the information and is content neutral in its own terms. N.Y.Code § 10–119 (prohibiting the "post[ing of] any handbill, poster, notice, sign or advertisement upon any ... lamppost, ... telephone pole, public utility pole, [or] box," without regard to the message being conveyed).

Herschaft has failed to show that the statute was being enforced in a discriminatory way, and he admits he had no evidence that political speech was being targeted for enforcement of the statute. Herschaft requests that we consider the passage of new local laws amending the posting statute, but the amendments do not change the nature of the restriction itself, and thus they do not increase the likelihood of Herschaft's success on the merits. Herschaft also claims that the ordinance impermissibly imposes a fee unrelated to administrative costs. However, the ordinance imposes a fine as a deterrent sanction, not as a fee for permitted use.

We have reviewed Herschaft's other claims and find them to be without merit. Finally, if Herschaft pursues his legal claims, the parties and the district court may wish to address whether Herschaft has standing to challenge the posting stat-

ute. *See Los Angeles v. Lyons,* 461 U.S. 95, 101–102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Bordell v. General Electric Co.,* 922 F.2d 1057, 1060–61 (2d Cir.1991).

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**