■ CHEONG MEI INC., Petitioner, v ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, Respondent. [916 NYS2d 75]— Determination of respondent, dated March 16, 2006, which imposed a total of $46,275 in fines for 435 violations of Administrative Code of the City of New York §§ 10-117 and 10-119, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Donna Marie Mills, J.], entered on or about July 26, 2007), dismissed, without costs.

The determination was supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). Although petitioner's name did not itself appear on the face of the numerous handbills that were unlawfully affixed to City property, each handbill contained sufficient "identifying information" to raise the rebuttable presumption that petitioner was responsible for posting the handbills (see Administrative Code § 10-119 [b]). Indeed, even without the statutory presumption, sufficient circumstantial evidence establishing petitioner's responsibility for the handbills was adduced at the hearing. Accordingly, it was incumbent on petitioner to tender evidence to rebut respondent's showing which petitioner failed to do (see Smart Workout, Inc. v Environmental Control Bd. of the City of N.Y., 79 AD3d 492 [1st Dept 2010]).

We have considered petitioner's remaining arguments, including that it was deprived of due process, and find them unavailing. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Freedman and Richter, JJ.