■ In the Matter of FRIENDS OF KELLY O'NEILL LEVY, Petitioner, v ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, et al., Respondents. [942 NYS2d 517]—

Determination of respondent The Environmental Control Board of the City of New York (ECB), dated May 7, 2009, which denied petitioner's request for a superseding appeal decision and ratified its determination dated January 22, 2009, finding that petitioner violated Administrative Code of the City of New York § 10-119 (the antiposting law), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, Bronx County [Robert E. Torres, J.], entered March 17, 2011), dismissed, without costs.

The court properly held that respondent, the Department of Sanitation, timely appealed from the ALJ's decision. Where, as here, an aggrieved party applies for a copy of the audio tape of the hearing, within the allotted time to file exceptions, the time to file exceptions "shall be extended by 20 days from the date when such . . . audio tape is delivered or mailed to the party requesting same" (48 RCNY 3-72 [a]). Accordingly, the Department of Sanitation's August 31, 2007 letter requesting the audio tape of the hearing extended its time to appeal the ALJ's decision.

Petitioner's argument, that the anti-posting law (Administrative Code of City of NY § 10-119) is unconstitutional on its face, is unpreserved for appellate review (see Matter of Berbenich v Schoenfeld, 149 AD2d 505, 508 [1989]). In any event, the law is constitutional both on its face and as applied. "It is axiomatic that [anti-posting] ordinances are constitutional restrictions on First Amendment activity" (Cotz v Mastroeni, 476 F Supp 2d 332, 372 n 43 [2007]). Furthermore, the specific anti-posting law at issue is constitutional, because it is narrowly tailored to achieve the significant government interest of preservation of aesthetics and prevention of litter, and it "leaves open ample alternative means for communicating the information and is content neutral in its own terms" (Herschaft v Bloomberg, 70 Fed Appx 26, 27-28 [2003], cert denied 540 US 1073 [2003]).

ECB's determination that petitioner was responsible for the subject violations of the anti-posting law was supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). Petitioner's name did not have to appear on the posters for the presumption, set forth at Administrative Code § 10-119 (b), to arise, where, as here, there was "other identifying information" linking petitioner to the posters (§ 10-119 [b]; see Cheong Mei Inc. v Environmental Control Bd. of the City of N.Y., 81 AD3d 452 [2011]). The posters had a picture of candidate Kelly O'Neill Levy, the candidate's name in large print, and a sample ballot with an arrow pointing to the candidate's name, and petitioner was the only campaign committee registered for O'Neill Levy. Petitioner did not rebut the presumption.

We have reviewed petitioner's remaining contentions, and find them unavailing. Concur—Mazzarelli J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.