Determination of respondent Environmental Control Board (ECB), dated November 18, 2010, which imposed civil penalties *518 totaling $500 for two violations of General Business Law § 397-a, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alexander W. Hunter, Jr., J.], entered August 26, 2011), dismissed, without costs.
Substantial evidence supports ECB’s determination that petitioner is liable for two violations of General Business Law § 397-a for causing or permitting unsolicited advertising materials bearing its name and telephone number to be placed by an independent subcontractor on private properties at which signs prohibiting placement of advertising materials were conspicuously posted (General Business Law § 397-a [1]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]). The fact that petitioner’s name and telephone number were affixed to the offending packages raised a statutory presumption that it should be liable for the violations (see General Business Law § 397-a [3]).
Petitioner’s contention that it should not be held liable for the acts of an independent subcontractor that it did not control is unavailing. Petitioner admitted that its name and telephone number are placed on its advertising materials in order to make itself accountable and in a position to remedy customer complaints. The record thus supports ECB’s determination that petitioner retained at least some control over the manner in which its materials were distributed (see Cheong Mei Inc. v Environmental Control Bd. of the City of N.Y., 81 AD3d 452 [2011]; see also Smart Workout, Inc. v Environmental Control Bd. of the City of N.Y., 79 AD3d 492 [2010]). Concur — Tom, J.P., Mazzarelli, Moskowitz, Renwick and Abdus-Salaam, JJ.