■ In the Matter of CABRINI MEDICAL CENTER, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants.—Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered March 27, 1985 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondents to revise petitioner's 1982 Medicaid reimbursement rates.

Petitioner is a not-for-profit corporation operating a 500-bed general hospital in New York City under a permit issued by respondent Commissioner of Health pursuant to Public Health Law § 2805. Prior to 1980, petitioner provided outpatient services in its acute care hospital complex. The Commissioner calculated separate Medicaid reimbursement rates for the acute care hospital and for the outpatient department (OPD). Certain indirect costs incurred by the hospital such as heat, laundry service and salaries of administrative personnel were included in the OPD's reimbursement rates. Petitioner began phasing out its OPD prior to the beginning of the 1982 rate year. It appears that after September 12, 1982, the OPD was closed and its space converted to space for inpatient care. Thereafter, petitioner requested the Commissioner to adjust its 1982 inpatient reimbursement rates by reallocating the indirect costs formerly allocated to the OPD to its inpatient acute care hospital.

The Department of Health denied this request for lack of sufficient "audit data" which it requested. The Department did, however, determine that the effective date of any rate revision would not be until June 18, 1982, the date of approval for the discontinuance of the OPD. In a separate proceeding, not involved on this appeal, petitioner was fined $1,000 for violation of the applicable rules and regulations because of its failure to have obtained prior approval for the closing of its OPD. However, this fine was suspended on the condition that petitioner not violate such rules and regulations in the future. Petitioner's request for a hearing on the reallocation date determination was denied for the reason that "audit data" was not then available to the Department.

Petitioner then commenced this CPLR article 78 proceeding to review the determination setting the rate reallocation date at June 18, 1982. It is petitioner's contention that this date was set as a punishment for its failure to obtain prior permission to close its OPD, and that since its OPD was closed throughout the calendar year of 1982, its adjustment rate should extend over that entire year. Special Term established

January 1, 1982 as the effective date of rate reallocation. Respondents appeal from Special Term's judgment.

Although the date adopted by the Department is final, the decision fixing that date is patently interlocutory and but a single part of the final rate review determination required to be made by respondents. We deem an article 78 proceeding to be inappropriate to review interlocutory determinations (CPLR 7801 [1]; *see, Matter of Cohoes Mem. Hosp. v Department of Health,* 48 NY2d 583, 590-591), especially since an administrative review process is available to petitioner when the revised rates are finally determined. In our view, an article 78 proceeding is not now available to petitioner, except to the extent of compelling respondents to make a determination setting the revised rates, as respondents themselves concede. The judgment appealed from should be modified accordingly.

Judgment modified, on the law, without costs, by deleting so much thereof as directed respondents to use January 1, 1982 as the effective date of the rate revision, and, as so modified, affirmed. Mahoney, P. J., Main, Casey and Yesawich, Jr., JJ., concur.

Mikoll, J., dissents in part and concurs in part in the following memorandum. Mikoll, J. (dissenting in part and concurring in part). I respectfully dissent in part and concur in part. In my view, the determination fixing the effective date of any rate revision as June 18, 1982 is a binding, final determination upon petitioner and any further administrative appeal on that issue would have been futile. There is no dispute over the "audit data" and the computation to be made as a result thereof. In such circumstances, judicial review through a CPLR article 78 proceeding is appropriate *(see, Solnick v Whalen,* 49 NY2d 224, 231-232; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of Martin v Ronan,* 44 NY2d 374, 380; *Matter of Prey v County of Cattaraugus,* 79 AD2d 205, 207). The matter is ripe for judicial review and to delay a determination on the merits of the single issue in dispute is wasteful of judicial time and resources, not to mention the unnecessary expense caused to the litigants.

Turning to the merits, I note that respondents' brief does not address the question of whether the reallocation date determination has a rational basis, is arbitrary or capricious. Review of the record supports petitioner's contention that the reallocation date fixed by the determination lacks a rational

basis, is arbitrary and capricious. The effect of using the June 18, 1982 date deprives petitioner of six months of allowable reimbursement costs. Public Health Law § 2807 (2) (b) requires that the Commissioner of Health set reimbursement rates which are "reasonable and adequate to meet the costs which must be incurred by efficiently and economically operated facilities". The six months of reimbursement denied petitioner would properly be reimbursable but for this determination. Consequently, the Commissioner is, in effect, imposing an additional unauthorized penalty on petitioner for its failure to comply with departmental regulations relating to prior approval of any discontinuance of services. This penalty is contrary to statute and therefore lacks a rational basis. Further, it is also, in my view, an abuse of the Commissioner's discretion.

Accordingly, I would affirm Special Term's judgment in its entirety.