■ In the Matter of PATCHOGUE NURSING CENTER, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents.—Casey, J. Appeal from a judgment of the Su-

preme Court (Travers, J.), entered April 21, 1992 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia,* declare 10 NYCRR 51.11 (d) (10) invalid.

By notice of hearing dated January 25, 1988 petitioner, a facility regulated by respondent State Department of Health (hereinafter respondent), was charged with having violated Public Health Law § 2808 (5) and certain regulations pertaining to the withdrawal of equity during the period 1978 through 1985. Petitioner's response to the charges included a claim that the administrative proceeding was barred by the doctrine of laches. Based upon petitioner's allegations of prejudice in the passage of 10 years from the initial withdrawal of equity until respondent sought to enforce its equity withdrawal regulations, the Administrative Law Judge (hereinafter ALJ) initially assigned to the matter scheduled a hearing to consider petitioner's claim of unreasonable delay. The hearing was conducted on several days in 1988 and then it was adjourned in April 1989 to permit settlement negotiations, which were unproductive. When the hearing was set to resume in May 1991, the original ALJ recused himself for personal reasons. The newly assigned ALJ ruled that pursuant to 10 NYCRR 51.11 (d) (10), which was added by amendment effective September 6, 1989, the only relevant dates to be considered on petitioner's claim of unreasonable delay were the date of the notice of hearing and the date the hearing was commenced. The ALJ further concluded that because less than one year had elapsed between these two dates, he was required by the regulation to deny the claim of unreasonable delay. The parties were, therefore, directed by the ALJ to prepare for a hearing on the merits of the charges.

Petitioner sought a declaratory ruling, pursuant to State Administrative Procedure Act §§ 204 and 205, as to the validity and applicability of 10 NYCRR 51.11 (d) (10). Respondent's general counsel denied petitioner's request upon the ground that it constituted an attempt to take an interlocutory appeal from the ALJ'S ruling. Petitioner then commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, *inter alia,* a declaration that 10 NYCRR 51.11 (d) (10) is invalid or inapplicable and an order directing the ALJ to resume the hearing on the issue of administrative delay. Respondent moved to dismiss based upon petitioner's failure to exhaust administrative remedies. Supreme Court granted the motion, resulting in this appeal by petitioner.

Petitioner seeks to challenge the regulation that served as the basis for the ALJ's interlocutory ruling in the administrative proceeding, a ruling which is not subject to review pursuant to CPLR article 78 until the administrative proceeding is completed and a final determination is rendered (CPLR 7801). "A declaratory judgment action cannot be employed to avoid the restrictions applicable to the particular litigation in which the challenged rule or ruling is pertinent * * *. Exceptions may be recognized when the party seeking a declaratory ruling would otherwise have no right to appeal" *(Bower & Gardner v Evans,* 60 NY2d 781, 783 [citations omitted]; *see, Greystone Mgt. Corp. v Conciliation & Appeals Bd.,* 62 NY2d 763). Here, the ALJ's interlocutory ruling on the unreasonable delay issue and the regulatory basis for that ruling can be reviewed in a CPLR article 78 proceeding if petitioner is aggrieved by the final determination.

Petitioner argues that the facts and circumstances of this case are unusual or extraordinary and that exhaustion of the administrative process would be futile, but we disagree. If any of the charges are sustained after the hearing on the merits is concluded, petitioner can seek review of the final determination by way of a CPLR article 78 proceeding and can raise the question of whether the ALJ erred in concluding that on the basis of 10 NYCRR 51.11 (d) (10) no unreasonable delay had occurred. Petitioner's claim of futility is also premised on the assumption that the ALJ's ruling will preclude petitioner from presenting at the hearing on the merits any evidence of respondent's delay, but that assumption appears to be incorrect. The unreasonable delay issue decided by the ALJ concerned only the question of respondent's compliance with State Administrative Procedure Act § 301 (1), which created a limited exception to the common-law rule that the doctrine of laches cannot be interposed against the State when acting in a governmental capacity and the public interest *(Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 177, *cert denied* 476 US 1115). Petitioner's defense to the administrative charges is not, however, limited to laches, which concerns only respondent's delay in bringing the charges. Petitioner also claims that it was prejudiced by respondent's inaction and/or action. For example, petitioner claims that it requested respondent's approval of the equity withdrawals as early as 1979 and respondent failed to respond to the requests. According to petitioner, respondent had informed facilities that such unanswered requests were deemed approved. These claims of prejudice clearly raise issues separate and distinct from the

limited laches issue decided by the ALJ, and respondent's brief concedes that "[t]o the extent relevant to its defense, petitioner's various claims of prejudice may be presented during the hearing that will resume once this proceeding is concluded". We conclude that the circumstances of this case do not fall within the exception to the general rule set forth in *Bower & Gardner v Evans* (60 NY2d 781, *supra)* and, therefore, a declaratory judgment action does not lie.

As to petitioner's requests for relief pursuant to CPLR article 78, the ALJ's ruling was not a final determination and, therefore, is not subject to CPLR article 78 review (CPLR 7801). Nor is petitioner entitled to an order directing the ALJ to resume the hearing on the issue of unreasonable delay, for mandamus to compel lies only in regard to the performance of a purely ministerial act where there is clear legal right to the relief sought *(see, Klostermann v Cuomo,* 61 NY2d 525, 539). Petitioner's right to have the hearing on the issue of unreasonable delay resumed is dependent upon the propriety of the ALJ's finding of no unreasonable delay, which cannot be reviewed until a final determination is rendered. The judgment should be affirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.