■ In the Matter of DENNIS ROGGEMANN, Appellant, v MARY JO BANE, as Commissioner of the Department of Social Ser-

vices of the State of New York, et al., Respondents. [636 NYS2d 199] —Mercure, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered February 24, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Social Services denying petitioner's request for reinstatement to the Medicaid program as a participating provider.

Petitioner is a licensed physician specializing in internal medicine. Based upon findings that he had ordered unnecessary and inappropriate prescriptions and tests and failed to fully document the need for the medications and services in his patients' charts, in 1992 respondent Department of Social Services rendered a determination excluding petitioner from the Medicaid program for a period of two years and charging him with an overpayment of $68,190.84. This Court confirmed the Department's determination following judicial review (*Matter of Roggemann v Bane*, 206 AD2d 622, *lv denied* 84 NY2d 809).

On June 10, 1993, petitioner filed a standard Medicaid provider enrollment form, seeking reinstatement as a provider in the Medicaid program. By letter dated August 3, 1993, the Department acknowledged receipt of the request for enrollment and, because petitioner's withdrawal from the program had been involuntary, directed petitioner to "detail exactly what steps [he had] taken to correct the causes of [his] termination and efforts to assure the Department that they will not occur again". The letter closed with the admonition that "[f]ailure to respond to this request within 15 days will be considered a withdrawal of your request for reinstatement". On September 9, 1993, the Department denied petitioner's request for reinstatement upon the grounds that (1) petitioner failed to respond to the August 3, 1993 request for additional information, (2) petitioner had failed to make restitution in the amount of $9,791.84, and (3) there was nothing in petitioner's application that gave the Department reasonable assurances that the violations leading to petitioner's suspension would not reoccur (*see*, 18 NYCRR 515.10 [e]).

In a brief undated letter, petitioner made a request for reconsideration of the Department's denial of his application for reinstatement. The letter did not address the issue of restitution and, concerning petitioner's failure to respond to the Department's request for additional information, merely stated: "I deeply regret that the Department did not receive a response to its August 3, 1993 letter requesting additional in-

formation pertaining to my request for reinstatement. I hereby submit a copy of my response and respectfully request that the Department consider it now." In petitioner's "response", a one-page letter bearing the date of August 17, 1993, he informed the Department that in July 1992 he "successfully completed the Risk Management Program sponsored by Physicians' Reciprocal Insurers", a course "fully approved by the New York State Insurance Department" and which "highlight[ed] the importance of sound recordkeeping practices". Petitioner went on to state that the course materials (two pages of which were annexed) "describe and explain in detail the elements of a good medical record", a topic "bear[ing] a direct relationship to the charges that some of [petitioner's] charts contained insufficient patient histories". Finally, the letter advised that petitioner had strictly limited his practice to diagnostic cardiology and, as such, had no occasion to prescribe Zantac, Tagamet or Elavil, drugs he was found to have dispensed with insufficient medical necessity or documentation.

On April 19, 1994, the Department rendered a final decision affirming its original denial of petitioner's application upon the stated ground that the reconsideration process, which included a review of "all of the information, documents and/or arguments presented by [petitioner]", disclosed neither mistakes of fact nor contradiction of the findings in the Department's original denial. Petitioner then challenged the Department's determination in the present CPLR article 78 proceeding, for the first time advancing the contentions that (1) he did timely respond to the Department's August 3, 1993 request for further information, (2) contrary to the Department's conclusion that petitioner "failed to demonstrate adequate assurance * * * that the practices that led to his exclusion would not be repeated", petitioner's response (the August 17, 1993 letter) made an affirmative showing of remedial measures, and (3) the time for payment of the restitution had not yet expired. Supreme Court dismissed the petition and petitioner now appeals.

We conclude that the proceeding is devoid of merit and accordingly affirm Supreme Court's judgment dismissing the petition. First, because the doctrine of exhaustion of administrative remedies requires that judicial review of administrative action be limited to a consideration of the issues actually raised before the administrative agency making the determination (*see, Matter of Clowry v Town of Pawling*, 202 AD2d 663, 664; *Aldrich v Pattison*, 107 AD2d 258, 267-268; *Matter of Celestial Food Corp. v New York State Liq. Auth.*, 99 AD2d 25, 26-27),

petitioner was precluded from raising in his CPLR article 78 proceeding the arguments that he had timely responded to the Department's August 3, 1993 request for information and that he was not at the time of application for reinstatement under a legal obligation to make full restitution to the Department. We also note that the factual issue concerning the time of submission of petitioner's purported August 17, 1993 response was rendered academic by the Department's consideration of that document in connection with its review on the administrative appeal.

Second, considering the Department's "virtually unlimited range of discretion" (*Matter of Bezar v New York State Dept. of Social Servs.*, 151 AD2d 44, 49) on the question of whether it is in the best interest of the medical assistance program to deny petitioner's application for reinstatement (18 NYCRR 504.4 [e] [2]), we are not persuaded that the Department's determination was arbitrary or capricious. Neither petitioner's completion of one risk management program (with no indication of the length of the program or the criteria for successful "completion" and where the topic of recordkeeping was merely addressed in the written materials), nor petitioner's subjective, nonbinding determination to limit his practice, compel a finding that the problems leading to his exclusion were not likely to recur. Petitioner's remaining arguments have been considered and found to be similarly unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.