■ In the Matter of LINZA H. FORD, Appellant, v ROBERT SNASHALL, as Chairman of the New York State Workers' Compensation Board, et al., Respondents. [712 NYS2d 658] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Kane, J.), entered March 17, 1999 in Sullivan County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia*, compel respondents to abide by and enforce the Workers' Compensation Law.

Petitioner filed a claim for workers' compensation benefits in October 1995 which was contested by his employer. Although he was notified that a prehearing conference was scheduled for February 1996, he contends it was never held. A hearing commenced in March 1996 at which time petitioner testified before a Workers' Compensation Law Judge. The matter was thereafter transferred back and forth between different Workers' Compensation Law Judges for the taking of further testimony and was adjourned a number of times due to the absence of one of the parties and/or their witnesses.

In October 1998, prior to final decision on the claim, petitioner commenced the instant combined proceeding pursuant to CPLR article 78 and action for declaratory judgment alleging, *inter alia*, that he was improperly denied a prehearing conference and that the timely resolution of his case was delayed by unauthorized adjournments in violation of the Workers' Compensation Law. Respondents moved to dismiss

the petition for failure to state a cause of action (see, CPLR 3211 [a] [7]). Supreme Court granted the motion on the ground, inter alia, that petitioner failed to exhaust his administrative remedies resulting in this appeal.

We affirm. "It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [citation omitted]; see, Young Men's Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375). The only exceptions are when the agency's action is challenged as unconstitutional, resort to an administrative remedy would be futile or pursuit of the administrative remedy would cause irreparable injury (see, Watergate II Apts. v Buffalo Sewer Auth., supra, at 57; Matter of Hakeem v Wong, 223 AD2d 765, lv denied 88 NY2d 802).

In the instant matter, petitioner's workers' compensation case was still pending and no final determination had been made on his claim at the time he brought this combined proceeding/action. Inasmuch as none of the exceptions to the exhaustion requirement are applicable to the facts herein, petitioner's challenges to the alleged failure to conduct a pre-hearing conference and the manner in which the hearing has thus far been conducted is premature (see, e.g., Matter of Lee v New York State Dept. of Parole, 252 AD2d 703, lv denied 92 NY2d 815; Matter of Whalen v Slocum, 84 AD2d 956). In the event that petitioner is aggrieved by the final determination rendered at the conclusion of the hearing, he may at that time contest the interlocutory rulings made during the course thereof (see, Matter of Patchogue Nursing Ctr. v New York State Dept. of Health, 189 AD2d 1054, 1056, lv denied 81 NY2d 711). We have considered petitioner's remaining contentions and find them unavailing.

Mercure, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.