■ In the Matter of Costa Lempesis, Appellant, v Richard P. Mills, as Commissioner of Education, Respondent. [750 NYS2d 537] —Carpinello, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered November 2, 2001 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to exhaust administrative remedies.

This appeal involves an interlocutory ruling of a Hearing Officer in a teacher decertification proceeding (*see* 8 NYCRR part 83). Specifically, the Hearing Officer denied petitioner's motion to dismiss the proceeding on the ground that respondent had failed to comply with certain discovery requests (*see* State Administrative Procedure Act § 401 [4]) and adjourned the matter for compliance with those requests. This determination was most assuredly a nonfinal order such that the instant CPLR article 78 proceeding was properly dismissed by Supreme Court for failure to exhaust administrative remedies (*see* 8 NYCRR 83.5; CPLR 7801 [1]; *see also Matter of Ford v Snashall*, 275 AD2d 493, 494; *Matter of Patchogue Nursing Ctr. v New York State Dept. of Health*, 189 AD2d 1054, 1056, *lv denied* 81 NY2d 711; *Matter of Cabrini Med. Ctr. v Axelrod*, 118 AD2d 977, 978). We are wholly unpersuaded by petitioner's claims

that an exception to the exhaustion rule exists in this matter or that the instant proceeding is proper because he is entitled to mandamus relief. To be sure, while State Administrative Procedure Act § 401 (4) outlines prehearing disclosure rules in license revocation matters, it does not *mandate* outright dismissal of a proceeding in the event of untimely compliance by a party. Surely, a hearing officer's resolution of discovery disputes during an administrative proceeding, as well as his or her decision to adjourn the matter pending compliance, involve discretionary decision-making authority such that an aggrieved party is not entitled to the extraordinary relief of mandamus (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16).

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.