■ In the Matter of STEPHEN M. BRENNER, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [840 NYS2d 841]—

Crew III, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered June 15, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's requests for reinstatement to the Medicaid program as a participating provider.

In October 2001, petitioner, a practicing dentist, was indicted and charged with two counts of offering a false instrument for filing for submitting Medicaid claims for services he had not actually provided. In January 2002, petitioner pleaded guilty to one count of the indictment in full satisfaction thereof and was sentenced to a conditional discharge and ordered to pay $31,237.87 in restitution. Thereafter, petitioner's license to practice dentistry was suspended for two years, the execution of which was stayed, and petitioner was placed on two years of probation and fined $10,000. Additionally, petitioner was prohibited from participating in the Medicaid program.

In April 2005, petitioner submitted a request for reinstatement to the Medicaid program. For reasons unknown, in July 2005, petitioner submitted a second application for reinstatement. Following correspondence between petitioner and respondent regarding the reinstatement applications, respondent denied the reinstatement requests. Petitioner administratively appealed that determination, which was upheld, prompting this CPLR article 78 proceeding challenging respondent's determination.

We affirm. Our review of the record satisfies us that there is a rational basis for the underlying determination and that it should not be disturbed (see Matter of Roggemann v Bane, 223 AD2d 854 [1996]). The reasons for the rejection, as reflected in the record, included petitioner's Medicaid fraud conviction, his failure to assure respondent that his past conduct would not be repeated, discrepancies in the two reinstatement applications submitted and petitioner's failure to respond to respondent's request for additional information. To the extent that petitioner finds fault with the enumerated grounds for rejection of his application,* we need note only that the record as a whole supports respondent's determination.

---

* For example, although petitioner argues that he could not provide "necessary assurances" that his conduct would not be repeated because such term was too vague, the record reveals that respondent provided petitioner with possible examples of conduct that would qualify as reasonable assurances.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.