OPINION OF THE COURT
Ferris D. Lebous, J.
Petitioner filed this CPLR article 78 proceeding seeking an order: (1) granting a stay of any hearing to terminate petitioner’s benefits pursuant to General Municipal Law § 207-a; (2) reversing and annulling the determination of Hearing Officer Randy J. Ray dated January 15, 2010; (3) directing that respondents have the burden of proof at any future hearing regarding petitioner’s ability to return to work and/or terminate said benefits; (4) staying the hearing scheduled for March 4, 2010; and (5) directing respondents to continue to pay petitioner his full salary per General Municipal Law § 207-a pending a determination herein.
*409 On February 24, 2010, this court executed an order to show cause with temporary restraining order enjoining respondents from conducting any hearing with respect to the termination of petitioner’s benefits pursuant to General Municipal Law § 207-a.[1]
Respondents, Matthew T. Ryan, as Mayor and Commissioner of Public Safety of the City of Binghamton, and the City of Binghamton (hereinafter collectively the City), oppose the petition in all respects.
The court heard oral argument from counsel on April 16, 2010.
Background
Petitioner is a paid firefighter with the City’s Fire Department who was injured in the performance of duty on several occasions including December 25, 2000, December 22, 2004, April 19, 2006 and December 17, 2007. Petitioner has not returned to work in any capacity following the December 17, 2007 injury and has been receiving General Municipal Law § 207-a benefits since his 2007 injury.
In 2009, the City directed petitioner to undergo a periodic physical review for the purpose of evaluating his physical ability to return to work. On May 7, 2009, petitioner was examined by Charles Totero, M.D. who subsequently advised the City that petitioner was capable of returning to work at regular duty as a firefighter.
On July 23, 2009, Fire Chief Daniel Thomas issued a written letter to petitioner wherein he directed petitioner to report for full duty on July 29, 2009 (hereinafter return to work order) which stated as follows:
“The City of Binghamton is in receipt of a medical report from Dr. Charles Totero dated May 7, 2009, indicating that your neck and back injuries are not causally related to any employment injury.
“Based upon this medical report, you are hereby ordered to report for full duty on Wednesday, July 29, 2009 at 8:00 a.m. at the Sullivan Training Center.
“If you have a nonemployment injury which requires working light duty, this assignment will be accommodated for a brief period of time. Please report to *410 me on the above date with the appropriate medical documentation to determine your work assignment. “Failure to comply with the above orders may result in the termination of your General Municipal Law section 207-a benefits.
“You have the right to appeal these orders by submitting a written request for an appeal, within ten (10) days of the mailing of this order, to the Commissioner of Public Safety, Mayor Matthew Ryan. You must enclose medical documentation with your notice of appeal stating that you are not able to return to work full duty.” (Petition, exhibit B.)
On July 28, 2009, within the allotted 10-day period, petitioner’s counsel submitted a written response including contrary medical documentation from his own physician disputing the City’s finding as set forth in the return to work order. The City has continued to pay petitioner’s full salary and wages to date.
Thereafter, the City advised petitioner that a hearing officer, Randy J. Ray, Esq., had been appointed for the purpose of conducting a hearing.[2] Hearing Officer Ray held a prehearing conference with the parties during which time there was discussion as to which party would have the burden of proof at the hearing. On January 15, 2010, Hearing Officer Ray issued a letter stating, in pertinent part, as follows:
“[a]fter reading the Court of Appeals’ decision in [Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes, 94 NY2d 686 (2000)] and the statute itself, it is my opinion that Mr. Connerton has the burden of proof in this hearing. Mr. Connerton is challenging the decision of the City of Binghamton that he is fit to return to work. The Court’s decision and the statute clearly indicate that the City has the unilateral right to make this determination, and that Mr. Connerton can challenge this decision, forcing a hearing, by presenting contrary medical evidence. Mr. Connerton has done so. The Court in Cohoes stated that the public employer need not conduct a pre-termination in such a situation. I have thus concluded that since, Mr. Connerton is challenging a decision that the City had the right to make, it is his burden of proof in this hearing.” (Petition, exhibit C.)
*411 A hearing was subsequently scheduled for March 4, 2010, but thereafter stayed by way of an order to show cause with temporary restraining order signed by this court on February 24, 2010. Parenthetically, the court notes that during conferences held with counsel prior to the execution of said order, there appeared to be confusion as to the nature of the hearing to be held, namely a hearing to determine whether petitioner was capable of returning to duty or a hearing to terminate his General Municipal Law § 207-a benefits. It now appears that the parties agree that the hearing would, in fact, be one to terminate petitioner’s General Municipal Law § 207-a benefits based upon the City’s determination as set forth in the Fire Chiefs letter dated July 23, 2009.
Discussion
1. Statute of Limitations
The City argues this petition is untimely because it was commenced after the expiration of the applicable four-month statute of limitations (CPLR 217 [1]). According to the City, the statute of limitations was triggered on July 23, 2009 when the Fire Chief issued the return to work order which would mean that this petition filed on February 18, 2010 was untimely. The court disagrees. First and foremost, the return to work order was not, in and of itself, a final determination as its very terms provide petitioner the right to appeal. In fact, the City’s own submission points out that “[t]he Return to Work order also advised the Petitioner of his right to seek an administrative appeal of the order” (attorney’s affidavit 1i 13). Second, even if the return to work order were final, the true focus of this petition is the issuance of the Hearing Officer’s letter of January 15, 2010 relative to the burden of proof issue which will be discussed below. Accordingly, the court finds the City’s statute of limitations argument to be without merit.
2. Failure to Exhaust Administrative Remedies
Next, the City argues petitioner has failed to exhaust his administrative remedies as demonstrated by the union’s filing of a grievance regarding the manner in which the Hearing Officer was appointed and selected. Again, the court finds this argument misplaced. The union is not a party to this proceeding nor is the court being asked to interpret a specific provision of the parties’ collective bargaining agreement. Simply, this is a proceeding lawfully brought by an individual firefighter seeking to protect his due process and constitutional rights. As such, the *412 court finds the City’s argument that petitioner has failed to exhaust his administrative remedies to be unavailing.
3. Designation as Agent
The City’s “Firefighter’s and Police Officer’s Disability Procedure” (hereinafter FPODP) defines “Commissioner” as “[t]he Mayor or Commissioner of Public Safety. Whenever the term Commissioner is used herein it shall be read to mean the ‘Commissioner or an agent appointed by [the Commissioner]’ unless expressly stated otherwise” (FPODP § 103 [3] [emphasis added]).[3]
Petitioner argues that the Fire Chief was without authority to issue the return to work order in the first instance since the Mayor (Commissioner of Public Safety) never designated him in writing as his agent pursuant to said section. The City concedes there is no such written designation, but rather argues that it has been the long-standing practice in the City that the Fire Chief renders such orders (affidavit of Daniel L. Thomas 1Í 4).
The court notes that the City’s FPODP § 103 (3) does not make clear whether the Mayor’s designation may be verbal or must be in writing. In either case, the City cannot point to any meeting or minutes thereof in which a verbal designation was made by the Mayor or any written designation thereof. Rather, the City relies on past practice that the Fire Chief has always served as the Mayor’s agent in this respect.
In Richards v City of Binghamton (26 Misc 3d 1230[A], 2010 NY Slip Op 50322[U] [Sup Ct, Broome County, Feb. 4, 2010, Lebous, J., index No. 2009-2927, RJI No. 2009-1503]), this court found the City violated its own FPODP because there was no proof that the Fire Chief was ever designated as the Mayor’s agent. The court reaches the same conclusion here. That having been said, however, the court does not find such a violation prejudiced petitioner in any manner and will proceed with an analysis on the merits of the petition.
4. City Regulations
It is undisputed that the City is entitled to adopt reasonable rules regulating, in a reasonable manner, the procedure to be followed in claiming benefits under General Municipal Law § 207-a (Matter of Elliott v City of Binghamton, 94 AD2d 887 [3d Dept 1983], affd 61 NY2d 920 [1984]). That having been said, however, in this case, as well as others previously before this court, the identification of those procedures has proved *413 elusive.[4] Nevertheless, here for the first time, the City has identified four separate regulations and attempted to distinguish them for the court and opposing counsel. The four identified regulations are as follows: (1) “The Firemen’s and Policemen’s Disability Procedure”; (2) “Firefighter’s and Police Officer’s Disability Procedure”; (3) “Binghamton Fire Department Standard Administrative Procedures” (eff from July 11, 1995 until February 22, 2008); and (4) “Binghamton Fire Department Standard Administrative Guidelines” (eff February 22, 2008).
The City represented during oral argument that the “Firefighter’s and Police Officer’s Disability Procedure” at some point replaced “The Firemen’s and Policemen’s Disability Procedure” without substantive changes, but merely to insert gender neutrality. The City also represented that the “Binghamton Fire Department Standard Administrative Guidelines” replaced the “Binghamton Fire Department Standard Administrative Procedures” in February 2008. The City avers that the “Firefighter’s and Police Officer’s Disability Procedure” governs the appeal process and coexists with the “Binghamton Fire Department Standard Administrative Guidelines” which governs the day-to-day issues of filing and maintaining a claim.
As such, it appears to this court that the two governing city regulations are the “Firefighter’s and Police Officer’s Disability Procedure” and the “Binghamton Fire Department Standard Administrative Guidelines” (identified as numbers 2 and 4 above). Further, both of these city regulations stand with the McKinney’s Standard Administrative Procedure Act.
Petitioner argues that the initial versions of each regulation (“The Firemen’s and Policemen’s Disability Procedure” and “Binghamton Fire Department Standard Administrative Procedures”) were negotiated regulations and thereby became terms and conditions of employment which could not be modified without negotiations. To the extent that petitioner takes issue with the City’s implementation of the second version of each regulation as modifying existing procedures without negotiating with the union, the court finds that issue is not before the court nor is the union a party to this petition.
For purposes of this petition, however, the court finds the controlling regulations are, as stated above, the “Firefighter’s *414 and Police Officer’s Disability Procedure” and the “Binghamton Fire Department Standard Administrative Guidelines
5. Burden of Proof at Hearing
The parties’ strongly disagree as to whether petitioner or the City should carry the burden of proof at the hearing to terminate petitioner’s General Municipal Law § 207-a benefits.
The City’s “Firefighter’s and Police Officer’s Disability Procedure” is silent with respect to which party carries the burden of proof at the termination hearing, but rather states that “[s]aid termination hearing shall be conducted consistent with the New York State Administrative Procedure Act” (FPODP § 306). The State Administrative Procedure Act in turn states, in part, that “[e]xcept as otherwise provided by statute, the burden of proof shall be on the party who initiated the proceeding” (State Administrative Procedure Act § 306 [1] [emphasis added]).
The City argues that petitioner is the party that initiated the proceeding by filing an appeal that triggered thé need for a termination hearing (attorney’s affidavit H 20). In support of its position, the City relies upon case law including cases issued by the New York State Public Employment Relations Board, as well as policies of other municipalities throughout the state.
Petitioner counters that the City initiated the proceeding by issuing the underlying return to work order in the first instance and thus carries the burden of proof at his termination hearing.
The court has reviewed Hearing Officer Ray’s January 15, 2010 letter in which he found that Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes (94 NY2d 686 [2000]) placed the burden of proof on petitioner. This court finds Hearing Officer Ray has misconstrued the holding in Cohoes for the reasons set forth herein.
In Cohoes, the Court of Appeals reviewed General Municipal Law § 207-a and outlined those actions that a municipality is permitted to take, those actions a firefighter is permitted to take in response, and the municipality’s obligations based upon the firefighter’s response. According to Cohoes, a municipality is entitled to conduct a periodic review for the purpose of evaluating a member’s physical ability to return to light duty or full duty. Here, the City exercised its right and directed petitioner to undergo an examination by Dr. Totero. Next, Cohoes permits the municipality to issue a return to work order (without the need for a hearing) based upon that periodic review. Again, here, the City exercised this right and issued the return to work *415 order on July 23, 2009. In this court’s view, the return to work order is the equivalent of the City commencing a civil action by way of the filing of a summons or the commencement of a criminal action upon the filing of an indictment.
Upon receipt of the return to work order, General Municipal Law § 207-a and Cohoes outline the options available to a firefighter in response. A firefighter can do nothing and return to work as directed thereby accepting termination of his General Municipal Law § 207-a benefits. In the civil context, a firefighter’s nonresponse would be the equivalent of a default or, in the criminal context, a plea of guilty. Alternatively, in an effort to retain his General Municipal Law § 207-a benefits, a firefighter can oppose the return to work order with contrary medical evidence within the time frame provided which the court notes petitioner has done here. Again, by way of analogy, in the civil context, the contrary medical evidence/appeal is best equated to an answer by which a defendant disputes the allegations or, in the criminal context, a defendant pleads not guilty. Here, petitioner timely submitted contrary medical evidence or, stated another way, answered and joined issue or pleaded not guilty, thereby bringing the City’s periodic medical review and determination into issue.
Upon receipt of a firefighter’s contrary medical evidence, the municipality is obligated to schedule a termination hearing under Cohoes and General Municipal Law § 207-a. As stated in Cohoes,
“[o]ur conclusion that [petitioner] must submit medical evidence contesting the City’s physician’s findings in order to trigger a hearing is also supported by the holdings, in other contexts, that due process does not require a hearing on a claimed invasion of a property or liberty interest in governmental employment, until the employee has raised a genuine dispute on operative facts” (94 NY2d at 693 [citations omitted; emphasis added]).
Here, petitioner’s submission of his contrary medical evidence/appeal raised a genuine dispute on operative facts, thereby placing the burden of proof on the City to proceed with competent and persuasive proof at a hearing to terminate petitioner’s General Municipal Law § 207-a benefits. This placement of the burden on the City is no different than as in a civil action when joinder of issue triggers a trial wherein plaintiff is put to his proof or, in a criminal action, when a plea of not *416 guilty forces the prosecution to establish the defendant’s guilt at trial. In both the civil and criminal arenas, the burden of proof rests on the party that initiated the underlying proceeding, not the party who filed an answer or pleaded not guilty. This universal principle is the foundation of due process and for the City to argue that petitioner has initiated a proceeding by merely answering the charge against him is disingenuous at best.[5] Stated another way, this court views Cohoes and General Municipal Law § 207-a as merely clarifying the foregoing procedures but in no way placing the burden on petitioner at his termination hearing. In view of the foregoing, the court finds that the City will carry the burden of proof at petitioner’s hearing to terminate his General Municipal Law § 207-a benefits.[6]
Finally, during oral argument, the parties raised the issue of whether the burden of proof would be substantial evidence to support the City’s determination or a preponderance of the evidence. The court finds that due process dictates that a preponderance of the evidence is the proper standard which envisions a full evidentiary hearing including the opportunity to confront and cross-examine all witnesses.
Conclusion
Accordingly, it hereby is ordered and adjudged that the petition is granted; the Hearing Officer’s determination of January 15, 2010 is reversed and annulled; and it is further directed that at any hearing regarding respondents’ ability to terminate petitioner’s General Municipal Law § 207-a benefits, the City shall have the burden of proof and the burden of moving forward; and that the City continue to pay petitioner his full salary pursuant to General Municipal Law § 207-a pending a hearing and determination in accordance with this decision.

. Prior to executing said order to show cause, the court conducted in-person and telephone conferences with counsel.

. Petitioner’s union has filed a separate grievance contesting the appointment of Mr. Ray as a violation of the parties’ collective bargaining agreement.

. This FPODP will be discussed in greater detail below.

. Richards v City of Binghamton, 26 Misc 3d 1230(A), 2010 NY Slip Op 50322(U) (2010); Zervos v City of Binghamton, 27 Misc 3d 1209(A), 2010 NY Slip Op 50661(U) (Sup Ct, Broome County, Apr. 13, 2010, Lebous, J., index No. 2009-2154, RJI No. 2009-1128).

. To the extent the City offered proof as to the procedures of other municipalities, the court finds them to be of no relevance in this matter. Additionally, the court finds the City’s reliance on Matter of Elliott v City of Binghamton (94 AD2d 887 [1983]) to be misplaced, since the specific provision under review in that case was an initial determination under FPODP § 211. Nor does the court find the Public Employment Relations Board decision in Matter of Port Washington Police Dist. (42 PERB ¶ 4506) to dictate a different result since it too was concerned with initial determinations.

. Pursuant to FPODP § 306, the City will first be required to serve written notice of a “207 Benefits Hearing.”