■ In the Matter of ROBERT CONNERTON, Respondent-Appellant, v MATTHEW T. RYAN, as Mayor and Commissioner of Public Safety of the City of Binghamton, et al., Appellants-Respondents. [926 NYS2d 741]—

Egan Jr., J.

Petitioner, a firefighter for respondent City of Binghamton, sustained a work-related injury in December 2007, as a result of which he applied for and was granted benefits pursuant to General Municipal Law § 207-a. In May 2009, petitioner was examined by a physician retained by the City and thereafter ordered to return to work or risk termination of his benefits. Petitioner timely appealed the City's return to work order, and the City thereafter appointed a Hearing Officer and scheduled an administrative hearing to determine petitioner's continued eligibility for benefits.

During a prehearing conference, an issue arose as to which party would bear the burden of proof, and the Hearing Officer subsequently ruled that petitioner, as the party challenging the City's return to work order, would bear the burden of establishing that he was not in fact fit to return to work. Petitioner thereafter commenced this CPLR article 78 proceeding against the City and respondent Matthew T. Ryan, as the City's Mayor and Commissioner of Public Safety, seeking a stay of the underlying hearing and annulment of the Hearing Officer's ruling as to the burden of proof. Respondents answered and raised as an affirmative defense petitioner's failure to exhaust his administrative remedies. Supreme Court granted the petition and respondents now appeal. Additionally, petitioner cross-appeals from so much of Supreme Court's judgment as found that certain procedures or guidelines applied to the underlying administrative proceeding.

We reverse and dismiss the petition. The case law makes clear that "one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *accord Matter of Connor v Town of Niskayuna*, 82 AD3d 1329, 1330 [2011]; *Matter of Ford v Snashall*, 275 AD2d 493, 494 [2000]). Because application of the doctrine "furthers the salutory goal[ ] of . . . preventing premature judicial interference" with the administrative process (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57), exceptions thereto are limited—namely, "when the agency's action is challenged as unconstitutional, resort to an administrative remedy would be futile or pursuit of the administrative remedy would cause irreparable injury" (*Matter of Ford v Snashall*, 275 AD2d at 494; *see Town of Oyster Bay v Kirkland*, 81 AD3d 812, 815 [2011], *appeal dismissed* 17 NY3d 778 [2011]). Thus, "[a]bsent extraordinary circumstances,

courts are constrained not to interject themselves into ongoing administrative proceedings until final resolution of those proceedings before the agency" (*Town of Oyster Bay v Kirkland,* 81 AD3d at 815 [internal quotation marks and citations omitted]).

Here, the Hearing Officer's ruling as to which party must bear the burden of proof at the scheduled administrative hearing is interlocutory in nature (*see Matter of Lempesis v Mills,* 300 AD2d 733, 733 [2002]) and, as such, "is not subject to review pursuant to CPLR article 78 until the administrative proceeding is completed and a final determination is rendered" (*Matter of Patchogue Nursing Ctr. v New York State Dept. of Health,* 189 AD2d 1054, 1056 [1993], *lv denied* 81 NY2d 711 [1993]). Should petitioner be aggrieved by the final determination made at the conclusion of his administrative hearing, "he may at that time contest the interlocutory rulings made during the course thereof" (*Matter of Ford v Snashall,* 275 AD2d at 494; *see People ex rel. Victory v Herbert,* 277 AD2d 933, 934 [2000], *lv denied* 96 NY2d 705 [2001]; *Matter of Patchogue Nursing Ctr. v New York State Dept. of Health,* 189 AD2d at 1056). In the interim, the mere assertion of a due process violation does not excuse petitioner from pursuing available administrative remedies that can afford the requested relief (*see Town of Oyster Bay v Kirkland,* 81 AD3d at 816; *Arbor Hill Partners v New York State Commr. of Hous. & Community Renewal,* 267 AD2d 675, 676 n [1999]; *Matter of Valvano v Jones,* 122 AD2d 336, 336 [1986]). In light of this conclusion, we need not address the parties' remaining contentions regarding the particular procedures or guidelines to be applied at the administrative hearing.

Rose, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed. **[Prior Case History: 28 Misc 3d 407.]**