■ In the Matter of HUDSON RIVER VALLEY, LLC, Appellant, v EMPIRE ZONE DESIGNATION BOARD et al., Respondents. [981 NYS2d 471]—

Stein, J. Appeal from a judgment of the Supreme Court (Ceresia Jr., J.), entered July 19, 2012 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, partially granted respondents' motion to dismiss the petition/complaint.

Petitioner, a real estate holding company, and a related entity,

KRNH, Inc., were formed to develop a traumatic brain injury center located in Ulster County.[1] Petitioner and KRNH each obtained certifications as empire zone business enterprises through the Empire Zones Program (*see* General Municipal Law § 955 *et seq.*), effective March 1998.[2] Following certain statutory reforms to that program (*see* L 2009, ch 57, § 1, part S-1, § 3), petitioner was advised in June 2009 by the Department of Economic Development (hereinafter DED) that it was being decertified—retroactive to January 2008—as an empire zone enterprise because it failed to meet certain of the program's statutory requirements, specifically the "shirt-changer test" and the "1:1 benefit-cost test" (*see* General Municipal Law § 959 [a] [v] [5], [6]; 5 NYCRR 11.9 [c] [1], [2]). Upon petitioner's timely appeal of that decision, respondent Empire Zone Designation Board (hereinafter the Board) upheld the revocation of petitioner's certification. Petitioner thereafter commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, annulment of the revocation of its certification. Supreme Court granted that part of the petition/complaint that challenged the retroactivity of the revocation, but dismissed the remainder of the petition/complaint. Petitioner now appeals, and we affirm.

Petitioner argues that the Board's decision was arbitrary and capricious and contrary to law because the Board did not consider petitioner's business annual reports (hereinafter BARs[3]) in combination with those of KRNH and claims that they were a "single enterprise" for the purpose of determining whether petitioner met the 1:1 benefit-cost test.[4] Petitioner asserts that, although it was necessary to form separate entities

---

**1.** KRNH operates the facility while petitioner "owns, invests in and develops the real estate upon which the [f]acility [is] located."

**2.** A more thorough discussion of the Empire Zones Program and the statutory framework is set forth in *Matter of WL, LLC v Department of Economic Dev.* (97 AD3d 24, 26-29 [2012], *affd sub nom. James Sq. Assoc. LP v Mullen*, 21 NY3d 233 [2013]).

**3.** An empire zone enterprise is required to submit a BAR annually, detailing the wages paid by the business, its capital investment and tax credits (*see* 5 NYCRR 11.7, 11.9 [c] [2]; *see also Matter of WL, LLC v Department of Economic Dev.*, 97 AD3d at 27-28).

**4.** The 1:1 benefit-cost test requires a business enterprise to establish that it "provide[d] economic returns to the state in the form of total remuneration to its employees (i.e., wages and benefits) and investments in its facility greater in value [than] the tax benefits the business enterprise used and had refunded to it" (General Municipal Law § 959 [a] [v] [6]). In order to determine whether an enterprise meets the 1:1 benefit-cost test, DED must examine BARs submitted during the period from 2001 through 2007 (*see* 5 NYCRR 11.9 [c] [2]; *see also Matter of WL, LLC v Department of Economic Dev.*, 97 AD3d at 27-28).

in order to comply with applicable legal requirements to acquire a mortgage on the building, "the two entities are one and the same." According to petitioner, it and KRNH qualify as a single enterprise for the purpose of the Empire Zones Program because they are owned by the same principals, maintain the same business address and have common management and financial control (*see* General Municipal Law § 957 [k]). Petitioner concedes that it could not satisfy the 1:1 benefit-cost test based on its own BARs for the relevant period, but asserts that, when its BARs are combined with those of KRNH, the collective BARs show investments and wages that exceed the tax credits received for the relevant years. However, petitioner did not advance this argument to the Board in support of its administrative appeal[5] and, accordingly, did not offer any evidence to substantiate it. Under these circumstances, we cannot conclude that the Board's determination in this regard was irrational.

Moreover, in view of petitioner's failure to advance any argument to the Board with regard to the 1:1 benefit-cost test, we cannot consider such argument. It is axiomatic that a determination made by an administrative agency must first be challenged through every available administrative remedy before it can be raised in a court of law (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Matter of Connerton v Ryan*, 86 AD3d 698, 699 [2011]). Correspondingly, judicial review of an administrative action is limited to consideration of those issues that were raised before the agency in the first instance (*see Matter of Veltri v New York State Off. of the State Comptroller*, 81 AD3d 1050, 1054 [2011]; *Matter of Roggemann v Bane*, 223 AD2d 854, 856 [1996]). The exhaustion of administrative remedies rule " 'furthers the salutory goal[ ] of . . . preventing premature judicial interference' with the administrative process" (*Matter of Connerton v Ryan*, 86 AD3d at 699, quoting *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57). Here, petitioner concedes that its administrative appeal to the Board addressed only the determination that it failed to meet the shirt-changer test and that it did not raise the single enterprise theory or any other argument regarding the 1:1 benefit-cost test. Nevertheless, petitioner claims that the exhaustion of administrative remedies doctrine is inapplicable because exceptions to that rule apply. We disagree.

The narrow exceptions to the exhaustion rule (*see Matter of*

---

5. Petitioner failed to provide any evidence that it and KRNH constituted a single enterprise for the purposes of reviewing the BARs and, in fact, only first raised the argument in its reply to respondents' answer to the petition/complaint.

*Connerton v Ryan*, 86 AD3d at 699; *Matter of Cullen v New York State Div. of Tax Appeals*, 30 AD3d 850, 851 [2006]) include, as relevant here, circumstances in which an administrative challenge would be futile or where the issue to be determined is purely a question of law (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57; *Matter of Cady v Clark*, 176 AD2d 1055, 1056 [1991]). The question of whether petitioner and KRNH constitute a single enterprise invokes resolution of factual, not purely legal, issues that must be determined by the administrative agency in the first instance (*see Matter of Sabino v DiNapoli*, 90 AD3d 1392, 1394 [2011]). Moreover, the record is bereft of any evidence that an administrative challenge to the revocation of its certification based on the 1:1 benefit-cost test would have been futile (*compare Subdivisions, Inc. v Town of Sullivan*, 86 AD3d 830, 833 [2011]), particularly considering that KRNH was recertified following an administrative appeal of its own decertification. The fact, relied on by petitioner, that DED reviewed all non-manufacturer business enterprises in 2009 as separate entities does not prove that DED would have rejected petitioner's single enterprise claim and did not absolve petitioner of its obligation to raise such argument before DED. In addition, because "we have no discretionary authority or interest of justice jurisdiction to review" petitioner's unpreserved claims, we must decline petitioner's request that we do so (*Matter of Lopez v Commissioner of N.Y. State Dept. of Health*, 42 AD3d 638, 640 [2007]; *see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]). Thus, we agree with Supreme Court that petitioner's failure to exhaust its administrative remedies as to its contention that it satisfies the 1:1 benefit-cost test required dismissal of the petition/complaint on that basis.

Petitioner's argument that this Court should remit the case to the Board for development of the record is also unpersuasive. Inasmuch as the Board's decision was properly based upon the limited arguments raised by petitioner on administrative appeal and the basis of its determination is "readily apparent," we discern no legal footing for remittal (*Matter of Morris Bldrs., LP v Empire Zone Designation Bd.*, 95 AD3d 1381, 1383 [2012], *affd sub nom. James Sq. Assoc. LP v Mullen*, 21 NY3d 233 [2013]; *compare Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd.*, 95 AD3d 1402 [2012]). To the extent not specifically addressed herein, petitioner's remaining claims have been considered and found to be lacking in merit.

Peters, P.J., Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.