*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 15, 2016                522730
_____

In the Matter of RUDOLPH
    TURNER,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  October 25, 2016

Before:  Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ.

_____

        Rudolph Turner, Newburgh, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Julie M.
Sheridan of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Fisher, J.),
entered January 28, 2016 in Albany County, which, in a proceeding
pursuant to CPLR article 78, among other things, granted
respondent's motion to dismiss the petition.

        In March 2015, during a tier III prison disciplinary
hearing, petitioner pleaded guilty to violating six prison
disciplinary rules stemming from his misconduct while
participating in a prison work release program.  The Hearing
Officer issued a guilty disposition and imposed a penalty of 240
days in the special housing unit with a commensurate loss of
privileges and a loss of good time.  Upon review, the facility
superintendent reduced petitioner's time in the special housing
unit to 104 days and his loss of privileges to 120 days.  In

September 2015, petitioner commenced this CPLR article 78 petition challenging the penalty as excessive. In his petition, petitioner alleged that he had filed an administrative appeal of the disciplinary determination on March 23, 2015[1] for which he had not yet received a final determination. Prior to answering, respondent moved to dismiss based upon, among other grounds, petitioner's failure to exhaust all of his administrative remedies, which motion petitioner opposed. Supreme Court granted the motion, finding that, by commencing the proceeding while the administrative appeal was pending, petitioner had failed to exhaust administrative remedies. Petitioner appeals.

We affirm. On a motion to dismiss, the facts as alleged by the petitioner are accepted as true (see Matter of Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1185 [2015], lv denied 25 NY3d 912 [2015]; Moulton v State of New York, 114 AD3d 115, 119 [2013]). Here, by his own account, petitioner commenced this CPLR article 78 proceeding after the disciplinary determination was rendered, but before his pending administrative appeal had been resolved. Accordingly, petitioner failed to exhaust all of his available administrative remedies and this proceeding was, consequently, premature (see Matter of Schenectady Nursing & Rehabilitation Ctr., LLC v Shah, 124 AD3d 1023, 1024 [2015]; Matter of Connerton v Ryan, 86 AD3d 698, 699 [2011]). Petitioner contends that this proceeding was not premature because 7 NYCRR 254.8 contemplates that a final determination will be rendered "within 60 days of receipt of the [administrative] appeal." However, as we have previously recognized, "the 60-day time period is directory, rather than mandatory" (Matter of Howard v Prack, 137 AD3d 1360, 1360 [2016]; accord Matter of Goberdhan v Goord, 7 AD3d 897, 898 [2004]). Moreover, petitioner has not demonstrated any prejudice due to the delay (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Thus,

_____

[1] While the petition states that the administrative appeal was filed on March 23, 2014, this was an error that was corrected in the proposed amended verified petition. Although Supreme Court ultimately denied petitioner's motion to amend the petition, it fully considered all of the allegations raised therein.

inasmuch as petitioner commenced this proceeding without first exhausting his administrative remedies, Supreme Court properly dismissed the petition (see Matter of Rodriguez v Fischer, 80 AD3d 920, 921 [2011]; Matter of West v McGinnis, 4 AD3d 654, 655 [2004]).

Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court