Matter of Shining Star Home Care, LLC v Zucker (2023 NY Slip Op 01927)

Matter of Shining Star Home Care, LLC v Zucker

2023 NY Slip Op 01927

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

534553
[*1]In the Matter of Shining Star Home Care, LLC, Appellant,
v
Howard Zucker, as Commissioner of Health, et al., Respondents.

Calendar Date:February 15, 2023

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ.

O'Connell & Aronowitz, Albany (Francis J. Smith of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Denise A. Hartman, J.), entered December 15, 2021 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Respondent Public Health and Health Planning Council is an administrative body within the Department of Health overseeing the approval of home care services agencies (see Public Health Law § 224-b). A certificate authorizing a home care services agency to provide services may not be issued without the Council's approval (see Public Health Law § 3606 [1]). In 2012, petitioner was certified as a special needs home health agency authorized to serve patients suffering from stroke, hypertension, diabetes and other debilitating diseases in low income neighborhoods in New York, Bronx, Kings and Queens Counties (see 10 NYCRR 760.5 [e] [1] [ii]). The certification authorized petitioner to provide services for a five-year period. In 2017, petitioner applied for a three-year certificate, and in December 2018 the Council disapproved petitioner's application for failure to meet the charity care requirement.[FN1] As a result, petitioner requested and received a hearing limited to this issue. Upon completion of the hearing, an Administrative Law Judge recommended approval of petitioner's application.
In June 2021, the Council rejected the Administrative Law Judge's recommendation and denied petitioner's application. While the Council again concluded that petitioner failed to meet the charity care requirement, it cited several additional reasons for the denial, including quality of care concerns, lack of demonstrated public need and low utilization (see Public Health Law§ 3606 [2]). The Council's denial letter advised that this was a final decision and that judicial review of the determination could be sought through a CPLR article 78 proceeding. Shortly thereafter, and in response to petitioner's inquiry, the Council offered petitioner an opportunity to request a hearing on the additional grounds. Petitioner did so, requesting a hearing "without prejudice to [its] right to initiate an [a]rticle 78 proceeding."[FN2] Petitioner then commenced this CPLR article 78 proceeding to challenge the June 2021 determination. Respondents moved to dismiss the petition for failure to exhaust administrative remedies. Supreme Court granted the motion and this appeal ensued.[FN3]
Public Health Law § 3606 (2) requires that if the Council proposes to disapprove an application it shall afford the applicant an opportunity to request a hearing. Moreover, "[i]t is well settled that an administrative agency's determination must be challenged through every available administrative remedy before it can be challenged in the courts" (Matter of Schenectady Nursing & Rehabilitation Ctr., LLC v Shah, 124 AD3d 1023, 1024 [3d Dept 2015]; see Matter of Guilderland Print., Inc. v New York State Off. of Temporary & Disability Assistance, 163 AD3d 1318, 1320 [3d Dept 2018]).
Petitioner contends [*2]that because the determination challenged herein was brought subsequent to the hearing on the limited issue of the charity care requirement, it qualifies as a final determination. It further argues that the Council's subsequent disapproval of its licensing application is illegal in that it was based on grounds other than the subject of the hearing, the charity care requirement. We disagree. Contrary to petitioner's argument, the Council's proffer of an additional administrative hearing is not illegal as "an administrative agency has the inherent authority to reconsider a prior determination upon a change in circumstances or new information, or where the original determination is not final" (Matter of Liu v State of New York, 169 AD3d 1198, 1199 [3d Dept 2019], lv denied 34 NY3d 903 [2019] [internal quotation marks and citation omitted] [emphasis added]; see Matter of Global Cos. LLC v New York State Dept. of Envtl. Conservation, 155 AD3d 93, 99 [3d Dept 2017], lv denied 30 NY3d 913 [2018]). Whether the Council's disapproval of petitioner's application was proper involves the resolution of factual issues involving the additional grounds cited by the Council that must first be contested at an administrative hearing (see Matter of Baywood, LLC v Office of the Medicaid Inspector Gen., 188 AD3d 1193, 1195 [2d Dept 2020]; Matter of A.M.P. v Independent Health Assn., Inc., 157 AD3d 1090, 1092 [3d Dept 2018]). Petitioner's characterization of the determination as final is not dispositive as the Council is statutorily required to afford petitioner a hearing (see Public Health Law § 3606 [2]).
Petitioner's assertion that it did not have notice of the additional grounds and concomitant due process violation "does not excuse petitioner from pursuing available administrative remedies that can afford the requested relief" (Matter of Connerton v Ryan, 86 AD3d 698, 700 [3d Dept 2011]).Thus, whereas a hearing awaits in this matter, "petitioner failed to exhaust all of [its] available administrative remedies and this proceeding was, consequently, premature" (Matter of Turner v Annucci, 145 AD3d 1302, 1303 [3d Dept 2016]; see Matter of Schenectady Nursing & Rehabilitation Ctr., LLC v Shah, 124 AD3d at 1024-1025). Petitioner's remaining arguments, to the extent not explicitly addressed herein, have been examined and found to be without merit. Accordingly, Supreme Court properly granted respondents' motion to dismiss the petition.
Garry, P.J., Lynch, Clark and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: This requirement provides that facilities must provide care at no charge or a reduced charge for patients who are unable to pay or are not covered by insurance and whose household income is less than 200% of the federal poverty level, in an amount equal to no less than 2% of the total operating costs (see 10 NYCRR 763.11 [a] [11]).
Footnote 2: The scheduling of the hearing is being held in abeyance pending the outcome of this appeal.
Footnote 3: Pursuant to State Administrative Procedure Act § 401 (2), petitioner's existing license does not expire until the renewal application has been finally determined; petitioner continues to be licensed to provide home care services.